CATHERINE CRONIN *vs.* VERMONT LIFE INSURANCE COMPANY.

PROVIDENCE—JUNE 13, 1898.

PRESENT: Stiness, Tillinghast, and Rogers, JJ.

The English act of 1774, 14 Geo. III, c. 48, prohibiting insurance on the life of a person in which the beneficiary shall have no interest, or by way of gaming or

wagering, has been generally followed in this country as declaratory of the common law.

But in defining the term "interest" the testimony of the decisions has been inclusive rather than exclusive.

A purely speculative contract on the life of another is objectionable, and may properly be held to be void.

In this State it has been understood to be settled that some insurable interest must exist.

- Kinship and debt have come to be recognized as sufficient grounds of interest.
- Such debt is not necessarily one recoverable at law, but a moral obligation from which the plaintiff has a right to expect care and kindness from the insured.

An insurable interest may exist where the relations between the parties are such as show a mutual interest and rebut any presumption of a mere wager.

Where considerations of public policy do not prohibit the enforcement of the contract of insurance, there is no reason why it should not be carried out.

ASSUMPSIT on a policy of insurance issued upon the life of the plaintiff's niece. Heard on demurrer to the declaration setting up lack of insurable interest.

STINESS, J. This action is brought to recover insurance on the life of the plaintiff's niece, and the main question raised by the defendant to the declaration is whether the plaintiff had an insurable interest in the life of her niece.

The English act of 1774, 14 Geo. III, c. 48, § 1, prohibited insurance on the life of a person in which the beneficiary *shall have no interest, or by way of gaming or wagering.*

Although the statute has never been taken as a part of our law, its rule was generally followed in this country, as declaratory of the common law. But in defining the term "*interest*," the tendency of the decisions, both in England and in this country, has been inclusive rather than exclusive.

There has even been some question whether insurance without interest should be held to be void on the ground of public policy; but, in this State, we think it has been understood to be settled, since *Mowry* v. *Home Ins. Co.*, 9 R. I. 346, that some insurable interest must exist. This, too, is the generally accepted rule.

In *Clark* v. *Allen*, 11 R. I. 439, it was held that a policy, valid in its inception, could be transferred to a *bona fide* purchaser, even though he had no interest in the life, and some of the objections to such insurance, on the ground of public

policy, were considered and shown to be fanciful and not applied to other branches of law. For example, the element of chance enters into annuities, and the temptation to shorten life in order to hasten the possession of a remainder-man, after a life estate in real property, is as strong as in the case of a beneficiary under a life policy. But these things have never been considered to be contrary to public policy.

Still, upon principle, a purely speculative contract on the life of another is as objectionable, on the grounds of public policy, as a like contract in regard to grain or stocks. In fact it is more so, and such a contract may properly be held to be void.

But the case is quite different when one, by his own contract, or even in the name of another, or upon the ground of debt, affection, or mutual interest procures insurance for the benefit of another, which is really to stand in the place of a testamentary gift. And so kinship and debt have come to be recognized as sufficient grounds of interest. Bliss on Life Ins. 2 ed. §§ 12, 13; 1 May on Ins. 3 ed. § 102 A.

Recent decisions have gone further, looking more to the situation of the parties than to these relations alone.

In *Warnock* v. *Davis*, 104 U. S. 775, Field, J., said: "It is not easy to define with precision what will constitute an insurable interest, so as to take the contract out of the class of wager policies. It may be stated generally, however, to be such an interest, arising from the relations of the party obtaining the insurance, either as creditor of or surety for the assured, or from the ties of blood or marriage to him, as will justify a reasonable expectation of advantage or benefit from the continuance of his life." We think that this states a reasonable rule and that it is now substantially the accepted rule. The demurrer in this case being to the whole declaration, we need not examine the counts in detail. The important facts are that the niece lived with the aunt from early childhood at different times, amounting to years; that their relations were as those of mother and daughter; that the plaintiff supported her niece, the insured, and that a debt, both of affection and of money, was due to the plaintiff, for

which she expected and had a right to expect return from the insured.   Does this not set out an insurable interest?

We do not understand the word "debt," as here used, to mean a debt recoverable at law, but a moral obligation from which the plaintiff had the right to expect care and kindness from the niece, in case of need.   Taken in this view we think it shows an insurable interest, under the principles above laid down.

In *Lord* v. *Dall*, 12 Mass. 115, it was held that a sister had an insurable interest in the life of a brother, who stood to her *in loco parentis*.   The court said: "In common understanding no one would hesitate to say that in the life of such a brother the sister had an interest."   The later case of *Loomis* v. *Eagle Ins. Co.*, 6 Gray, 396, involved the question of the interest of a father in the life of a minor son, but Shaw, C. J., said that upon broader and larger grounds, independently of the fact that the son was a minor and that the assured had a pecuniary interest in his earnings, the court was of opinion that the father had an insurable interest. These broader grounds appeared further on to be "consideration of strong morals and the force of natural affection between near kindred, operating often more efficaciously than those of positive law."

In *Ætna Ins. Co.* v. *France*, 94 U. S. 561, a case between brother and a married sister, not dependent, Bradley, J., goes so far as to say: "Any person has a right to procure insurance on his own life and to assign it to another, provided it be not done by way of cover for a wager policy; and where the relationship between the parties, as in this case, is such as to constitute a good and valid consideration in law for any gift or grant, the transaction is entirely free from such imputation.   The direction of payment in the policy itself is equivalent to such an assignment."

In *Elkhart* v. *Houghton*, 103 Ind. 286, the insurable interest of a grandson in the life of a grandfather, with whom he lived, was upheld.   It has also been sustained where there was no kinship, as in the case of a woman who was engaged to be married to a man; *Chisholm* v. *Nat. Capitol Ins. Co.*,

52 Mo. 213; and in the case of a widow and her son-in-law, who lived together; *Adams* v. *Reed,* 38 S. W. Rep. (Ky.) 420.

The principle of these, and other like cases, is that the interest does not depend upon any liability for support nor upon any pecuniary consideration, nor even upon kinship. It may be for the benefit of the old or the young, where the relation between the parties is such as to show a mutual interest and to rebut the presumption of a mere wager. The contract is complete and legal in itself, and when considerations of public policy do not prohibit its enforcement there is no reason why it should not be carried out.

The declaration in this case shows that the plaintiff's claim is not objectionable on the grounds of public policy. It shows that the relation of the plaintiff and her niece had been of such a character that each had reason to rely upon the other in case of need. Should the younger die first, the help and care which might have been expected from her, in the declining years of the aunt, could only be supplied by insurance on her life. This is no more speculation than a husband's provision for his wife in the same way. It is natural and reasonable, and in accordance with modern business methods. In short, it is security for an insurable interest.

We therefore think that the contract set out in the declaration is valid, since it falls within the proper line of distinction between valid contracts, where there is mutual interest, and invalid contracts which are evidently mere speculation.

The demurrer to the declaration is overruled.

*Edwin D. McGuinness and John F. Doran,* for plaintiff.

*Stephen O. Edwards, Walter F. Angell, Seeber Edwards,* for defendant.