556 So.2d 1138 (1989)
Lawanda BROCKTON, Appellant,
v.
SOUTHERN LIFE AND HEALTH INSURANCE COMPANY, Appellee.
No. 89-826.
District Court of Appeal of Florida, Third District.
December 12, 1989.
Rehearing Denied March 7, 1990.
D. John MacDonald, Miami, for appellant.
Kubicki, Draper, Gallagher & McGrane and Betsy Gallagher and Barbara A. Eagan, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
SCHWARTZ, Chief Judge.
The appellant, Lawanda Brockton, purchased an insurance policy on the life of *1139 her niece, DeVonne Robinson, naming herself as beneficiary. When Robinson died shortly thereafter, Brockton brought this action for the proceeds. The carrier, Southern Life, won a summary judgment in its favor which is defended here[1] solely on the ground that Brockton had no insurable interest in Robinson's life. We reverse on the directly contrary holding that the record conclusively established the existence of such an interest as a matter of law.
It is well established in Florida that the "insurable interest" which is universally regarded as indispensable to the enforceability of an insurance contract, see § 627.631, Fla. Stat. (1987), so as to preclude the existence of a merely betting interest in someone else, see 30 Fla.Jur.2d Insurance § 477 (1981); 43 Am.Jur.2d Insurance § 976 (1982), arises whenever a potential beneficiary has a cognizable interest, whether pecuniary or "arising from natural affection, in the life of the insured." Independent Life & Accident Ins. Co. v. McKenzie, 503 So.2d 376, 378 (Fla. 1st DCA 1987), review denied, 515 So.2d 230 (1987); 30 Fla.Jur.2d Insurance § 486. The latter requirement is clearly established in this record. It demonstrates that the appellant Brockton, the aunt, who was actually somewhat younger than the decedent niece, grew up with her in the same household in Miami, headed by Brockton's mother and Robinson's grandmother, Katherine, who had herself maintained the instant policy on Robinson until Katherine died. Shortly thereafter, it was reinstated by Brockton. Indeed, when the mother expired, Brockton became the practical head of the household of which Robinson, although she had moved away at the time of her death, remained at least nominally a part. Brockton and Robinson had a lifelong familial relationship with each other[2] which included, as might be expected, the fact that they lent money to one another during its course. On these facts, we find no difficulty in concluding that the Brockton-Robinson contact was more than sufficient to negate the possibility that the insurance policy was only a wager by the one upon the life of the other and, to the contrary, to establish that the aunt had the requisite insurable interest on the niece's life so as to validate the policy.[3] See Clayton v. Indus. Life Ins. Co., 162 Pa.Super. 77, 56 A.2d 292 (1948); Cronin v. Vermont Life Ins. Co., 20 R.I. 570, 40 A. 497 (1898); Smith v. Metropolitan Life Ins. Co., 123 S.W.2d 956 (Tex.Civ.App. 1938); 2 J. Appleman, Insurance Law & Practice § 822 (1966); 44 C.J.S. Insurance § 204 (1945).[4]
For these reasons, the judgment below is reversed and the cause remanded for appropriate disposition of the issues undetermined by this opinion.[5]
Reversed.
NOTES
[1] As is impliedly conceded, the other basis which the carrier asserted below  an alleged misrepresentation in the application for the policy  presented a jury question at best. See Columbian Nat'l Life Ins. Co. v. Lanigan, 154 Fla. 760, 19 So.2d 67 (1944).
[2] The fact that the two were apparently not on friendly terms at the time of Robinson's death has no effect on the legal issue of whether their overall relationship gave rise to an insurable interest.
[3] We are not uninfluenced by the fact that the reinstatement of the policy and the payment of the premium by Brockton were secure by the carrier's debit man who was familiar with the members of the family and the relationship with each other and who secured Brockton's agreement to pick up the policy which her mother had previously maintained during her lifetime.
[4] Although the rule seems consistent with Florida's general approach to the problem, it is not necessary for us to decide directly whether we should adopt the rule of several other jurisdictions that, without more, an uncle-aunt-nephew-niece blood relationship is alone sufficient to establish an insurable interest. National Life & Accident Ins. Co. v. Davis, 179 Ark. 621, 17 S.W.2d 312 (1929); Mohr v. Prudential Ins. Co., 32 R.I. 177, 78 A. 554 (1911); Cronin, 20 R.I. at 570, 40 A. at 497; but cf. Life Ins. Co. of Georgia v. Lopez, 443 So.2d 947 (Fla. 1983) (dictum that beneficiary had no insurable interest in aunt by marriage).
[5] See supra note 1.