764 So.2d 914 (2000)
FLORIDA MUNICIPAL POWER AGENCY and Florida Municipal Electric Association, Inc., Appellants,
v.
DEPARTMENT OF REVENUE, Appellee.
No. 1D99-3770.
District Court of Appeal of Florida, First District.
August 16, 2000.
*915 Frederick M. Bryant, Tallahassee, for appellants.
Robert A. Butterworth, Attorney General; James McAuley and Jarrell L. Murchison, Assistant Attorneys General, Tallahassee, for appellee.
PER CURIAM.
The issue in this case is whether section 212.08(6), Florida Statutes, exempts from sales taxation those materials purchased by municipally owned utilities for use in the repair, replacement, or refurbishment of their existing electric energy transmission or distribution systems. We conclude that the statute, as currently written, does provide for such a sales tax exemption. We therefore reverse, but certify as a matter of great public importance a question concerning how the statute should be interpreted in circumstances such as those presented to the Department of Revenue (hereinafter "department") in this case.
In 1998, appellants, Florida Municipal Power Agency and Florida Municipal Electric Association, Inc., filed a petition for a declaratory statement with the department seeking an interpretation of section 212.08(6), Florida Statutes, consistent with their position that the statute exempted from sales taxation those materials purchased by municipally owned utilities for use in the repair, replacement, or refurbishment of their existing electric energy transmission or distribution systems. In their petition, appellants also sought the initiation of proceedings to amend rule 12A-1.001(9) of the Florida Administrative Code to bring it into conformity with their interpretation of section 212.08(6), Florida Statutes.
*916 In response to the petition, the department issued a final declaratory statement which rejected appellants' interpretation of section 212.08(6) and declined to initiate rule-making proceedings to amend rule 12A-1.001(9). The department reasoned that section 212.08(6) as presently written was ambiguous on the issue of whether sales tax was due from municipally owned utilities on their purchase of materials used to repair, replace, or refurbish electric transmission or distribution systems. After reviewing the legislative history of the statute, the department concluded that there was no indication that the legislature had intended to exclude from sales taxation, in the last amendment to the statute in 1996, purchases by municipally owned utilities of materials used to repair, replace, or refurbish electric transmission or distribution systems.
This court must reverse a declaratory statement issued by a state agency regarding the interpretation to be given a particular statute the agency is charged with administering if the agency's interpretation of the statute is clearly erroneous. See § 120.68(7)(d), Fla. Stat. (1999); Regal Kitchens, Inc. v. Florida Dep't of Revenue, 641 So.2d 158, 162 (Fla. 1st DCA 1994). In this case, the department's interpretation of section 212.08(6) as currently written is clearly erroneous as it is at odds with the plain meaning of the statute.
The Florida Revenue Act of 1949 implemented this state's current scheme of taxation on the retail sale of tangible personal property. In that enactment, the legislature exempted from the sales tax all sales made to or by governmental entities, including municipally owned electric utilities:
There shall ... be exempted all sales made to or by the United States Government, the State of Florida or any county or municipality within the State, and all sales made to or by any governmental unit, State or Federal, and including sales made to contractors of tangible personal property going into and becoming a part of public works and projects owned by any such government or governmental unit.
Ch. 26319, § 8 at 27, Laws of Fla. (1949).
In 1969, the legislature curtailed the scope of the general sales tax exemption applicable to governmental entities by enacting certain exclusions to the exemption. See Ch. 69-222, § 15 at 889, Laws of Fla. Following this amendment, the statute setting forth the general sales tax exemption applicable to governmental entities, as well as the exclusions from the exemption, read in pertinent part as follows:
There shall ... be exempt from the tax imposed by this chapter, sales made to the United States government, the state or any county, municipality or political subdivision of this state; provided this exemption shall not include sales of tangible personal property made to contractors employed either directly or as agents of any such government or political subdivision thereof where such tangible personal property goes into or becomes a part of public works owned by such government or political subdivision thereof, except public works in progress or for which bonds or revenue certificates have been validated on or before August 1, 1959; and further provided this exemption shall not include sales, rental, use, consumption, or storage for use in any political subdivision or municipality in this state of machines and equipment and parts and accessories therefor used in the generation of electrical energy by systems owned and operated by a political subdivision in this state.
Id. (emphasis added).
In 1971, the legislature again modified the scope of the sales tax exemption applicable to governmental entities by modifying the last clause of the above-quoted provision to include the following emphasized language:
... and further provided this exemption shall not include sales, rental, use, consumption, *917 or storage for use in any political subdivision or municipality in this state of machines and equipment and parts and accessories therefor used in the generation, transmission or distribution of electrical energy by systems owned and operated by a political subdivision in this state except sales, rental, use, consumption or storage for which bonds or revenue certificates are validated on or before January 1, 1973, for transmission or distribution expansion.
Ch. 71-360, § 7 at 1874-75, Laws. of Fla. (emphasis added).
In 1996, the legislature once again modified the scope of the sales tax exemption applicable to governmental entities by deleting language from the exclusion clause highlighted above. See Ch. 96-397, § 26 at 2488, Laws of Fla. This modified exclusion clause currently reads as follows:
This exemption does not include sales, rental, use, consumption, or storage for use in any political subdivision or municipality in this state of machines and equipment and parts and accessories therefor used in the generation, transmission, or distribution of electrical energy by systems owned and operated by a political subdivision in this state for transmission or distribution expansion.
§ 212.08(6), Fla. Stat. (1999).
While the evolution of the statute before 1996 tended toward limiting the sales tax exemption generally applicable to governmental entities, the plain language of the statute following the 1996 amendment broadens the general governmental entity sales tax exemption to include those materials purchased by municipally owned utilities for use in the repair, replacement, or refurbishment of their existing transmission or distribution systems. The statute, as currently written, accomplishes this broadening of the general sales tax exemption by limiting the scope of the exclusion to the exemption only to those materials purchased by these entities for use in the expansion of existing transmission or distribution systems.[1]
Even if this result is contrary to the overall trend in the evolution of the statute from its inception, we cannot accept the department's contention that the statute must be read in light of its history rather than its plain language. "In statutory construction, case law clearly requires that legislative intent be determined primarily from the language of the statute." Barnett Banks, Inc. v. Department of Revenue, 738 So.2d 502, 504 (Fla. 1st DCA 1999)(quoting S.R.G. Corp. v. Department of Revenue, 365 So.2d 687, 689 (Fla.1978)). The department's interpretation of the statute would render superfluous the "for transmission or distribution expansion" language at the end of the exclusion. A statute must, however, be interpreted to give effect to every clause in it, "and to accord meaning and harmony to all of its parts." Id. (quoting Acosta v. Richter, 671 So.2d 149, 153-154 (Fla.1996)).
In light of our interpretation of the relevant exclusion language contained in section 212.08(6), Florida Statutes, we reverse the order on review and remand with directions that the department initiate rule-making proceedings to amend rule 12A-1.001(9)(b) of the Florida Administrative Code, as it is currently in conflict with the language of section 212.08(6), Florida Statutes. See Chiles v. Department of State, 711 So.2d 151, 154 (Fla. 1st DCA 1998)("If an agency is presented with a petition for a declaratory statement requiring a response that amounts to a rule, the agency should decline to issue the statement and initiate rulemaking."). Because the issue presented in this case is one of great public importance, we certify the following question to the supreme court:

*918 WHETHER SECTION 212.08(6), FLORIDA STATUTES, EXEMPTS FROM SALES TAXATION THOSE MATERIALS PURCHASED BY MUNICIPALLY OWNED UTILITIES FOR USE IN THE REPAIR, REPLACEMENT, OR REFURBISHMENT OF THEIR EXISTING ELECTRIC ENERGY TRANSMISSION OR DISTRIBUTION SYSTEMS?
BOOTH and BENTON, JJ., and SHIVERS, DOUGLASS B., Senior Judge, concur.
NOTES
[1] The scope of the exemption with regard to materials purchased by municipally owned utilities for use in the generation of electric energy is not at issue in this case.