789 So.2d 320 (2001)
FLORIDA DEPARTMENT OF REVENUE, Petitioner,
v.
FLORIDA MUNICIPAL POWER AGENCY, et al., Respondents.
No. SC00-1916.
Supreme Court of Florida.
June 28, 2001.
*321 Robert A. Butterworth, Attorney General, and Jarrell L. Murchison and James F. McAuley, Assistant Attorneys General, Tallahassee, FL, for Petitioner.
Frederick M. Bryant, Tallahassee, FL, for Respondent.
SHAW, J.
We have for review a decision of the First District Court of Appeal certifying the following question to be of great public importance:
Whether section 212.08(6), Florida Statutes, exempts from sales taxation those materials purchased by municipally owned utilities for use in the repair, replacement, or refurbishment of their existing electric energy transmission or distribution systems?
Florida Mun. Power Agency v. Department of Revenue, 764 So.2d 914, 918 (Fla. 1st DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative and approve the district court's decision.

I. FACTS
The relevant facts are set forth in the district court's opinion:
In 1998, appellants, Florida Municipal Power Agency and Florida Municipal Electric Association, Inc., filed a petition for a declaratory statement with the department seeking an interpretation of section 212.08(6), Florida Statutes, consistent with their position that the statute exempted from sales taxation those materials purchased by municipally owned utilities for use in the repair, replacement, or refurbishment of their existing electric energy transmission or distribution systems. In their petition, appellants also sought the initiation of proceedings to amend rule 12A-1.001(9) of the Florida Administrative Code to bring it into conformity with their interpretation of section 212.08(6), Florida Statutes.
In response to the petition, the department issued a final declaratory statement which rejected appellants' interpretation of section 212.08(6) and declined to initiate rule-making proceedings to amend rule 12A-1.001(9). The department reasoned that section 212.08(6) as presently written was ambiguous on the issue of whether sales tax was due from municipally owned utilities on their purchase of materials used to repair, replace, or refurbish electric transmission or distribution systems. *322 After reviewing the legislative history of the statute, the department concluded that there was no indication that the legislature had intended to exclude from sales taxation, in the last amendment to the statute in 1996, purchases by municipally owned utilities of materials used to repair, replace, or refurbish electric transmission or distribution systems.
Florida Mun. Power Agency v. Department of Revenue, 764 So.2d 914, 915-16 (Fla. 1st DCA 2000). The Florida Municipal Power Agency and Florida Municipal Electric Association, Inc. (the respondents) appealed the agency's interpretation to the First District Court of Appeal. The district court, in reversing the order on review, found that the interpretation of the Department of Revenue (the Department) is contrary to the plain language of the statute. The court directed the Department to initiate rule-making proceedings to amend administrative rule 12A-1.001(9) and certified the above referenced question to this Court. The Department argues that the district court's "plain meaning" approach to the statute leads to an incorrect and unreasonable result.

II. THE APPLICABLE LAW
Generally, municipalities and political subdivisions are exempt from sales tax. § 212.08(6), Fla. Stat. (1997). From 1971 until 1996, section 212.08(6) provided that the exemption did not include:
sales, rental, use, consumption, or storage for use in any political subdivision or municipality in this state of machines and equipment and parts and accessories therefor used in the generation, transmission, or distribution of electrical energy by systems owned and operated by a political subdivision in this state except sales, rental, use, consumption, or storage for which bonds or revenue certificates are validated on or before January 1, 1973, for transmission or distribution expansion.
§ 212.08(6), Fla. Stat. (1995) (emphasis added). The Legislature amended section 212.08(6) in 1996 as follows:
(6) EXEMPTIONS; POLITICAL SUBDIVISIONS.There are also exempt from the tax imposed by this chapter sales made to the United States Government, a state, or any county, municipality, or political subdivision of a state when payment is made directly to the dealer by the governmental entity. This exemption shall not inure to any transaction otherwise taxable under this chapter when payment is made by a government employee by any means, including, but not limited to, cash, check, or credit card when that employee is subsequently reimbursed by the governmental entity. This exemption does not include sales of tangible personal property made to contractors employed either directly or as agents of any such government or political subdivision thereof when such tangible personal property goes into or becomes a part of public works owned by such government or political subdivision thereof, except public works in progress or for which bonds or revenue certificates have been validated on or before August 1, 1959. This exemption does not include sales, rental, use, consumption, or storage for use in any political subdivision or municipality in this state of machines and equipment and parts and accessories therefor used in the generation, transmission, or distribution of electrical energy by systems owned and operated by a political subdivision in this state except sales, rental, use, consumption, or storage for which bonds or revenue certificates are validated on or before January 1, 1973, for transmission or distribution expansion. Likewise exempt are *323 charges for services rendered by radio and television stations, including line charges, talent fees, or license fees and charges for films, videotapes, and transcriptions used in producing radio or television broadcasts.
Ch. 96-397, § 26 at 2488, Laws of Fla. The Department's current administrative rule 12A-1.001(9) interpreting section 212.08 provides in pertinent part:
(9) GOVERNMENTAL UNITS.
(a) All sales made directly to the United States Government, a state, or any county, municipality, or political subdivision of a state are exempt, except machines, equipment, parts, and accessories therefor used in the generation, transmission, or distribution of electricity....
(b) Sales of machines and equipment and parts and accessories therefor for generation, transmission, or distribution of electrical energy by systems owned and operated by a political subdivision or municipality in this state shall be subject to the tax except sales, rental, use, consumption, or storage for which bonds or revenue certificates are validated on or before January 1, 1973, for transmission or distribution expansion only. See § 212.08(5)(c), F.S.
The Department's interpretation of a statute which it is charged with enforcing is entitled to great deference and will not be overturned unless it is clearly erroneous or contrary to legislative intent. Donato v. American Tel. & Tel. Co., 767 So.2d 1146, 1153 (Fla.2000).
Legislative intent must be derived primarily from the words expressed in the statute. If the language of the statute is clear and unambiguous, courts enforce the law according to its terms and there is no need to resort to rules of statutory construction.[1] "Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 454 (Fla.1992) (quoting Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, 694-95 (1918)).

III. THE PRESENT CASE
The district court held that based on the plain meaning of the statute, the Legislature clearly extended the general sales tax exemption to include those materials purchased by municipally owned utilities for use in the repair, replacement, or refurbishment of their existing transmission or distribution systems. We agree with the holding of the First District Court and reject the Department's interpretation, which is clearly contrary to the wording of the statute.
The Department asserts that although the wording of the statute may be clear on its face, it does not, in fact, reflect legislative intent as evidenced by the history of the statute. The Department points to the title of the 1996 amendment[2] for its proposition that the Legislature intended merely to strike obsolete language regarding bonds and revenue certificates; it erroneously and through oversight left in the last *324 clause "for transmission or distribution expansion," which now modifies the entire provision. Accordingly, the Department states it is unreasonable to construe the deletion of obsolete language in a manner that would change the substantive meaning of the statute. Moreover, the Department asserts that its position is bolstered by the history of this provision, which demonstrates the Legislature's tendency to eliminate taxing differences between public and private utility companies; hence it is unreasonable to construe the amendment in a manner which would expand these taxing differences.
The Department is in essence requesting this Court to strike the clause "for transmission and distribution expansion," despite the fact that the Legislature has had the opportunity to correct the alleged "clear error" for the past four years and has not done so. The Department does not point to any ambiguity in the language used in the statute itself that would make it subject to two reasonable interpretations, but relies primarily upon legislative history. Legislative history cannot be used to change the plain and clear language of a statute.[3] Moreover, as applied to this case, the drafting error alleged is not merely a clerical and inconsequential errorit changes the entire meaning of the statute. This Court does not have the authority to strike a modifying clause where such a revision would substantively change the entire meaning of the statute in a manner contrary to its plain meaning. Under fundamental principles of separation of powers, courts cannot judicially alter the wording of statutes where the Legislature clearly has not done so.[4] A court's function is to interpret statutes as they are written and give effect to each word in the statute.

IV. CONCLUSION
In conclusion, the statute as written is not ambiguous on its face. Hence, the language used is considered sufficient and conclusive evidence of legislative intent. As the parties do not allege the legislative enactment violated any constitutional provision, this Court applies the statute as written. If the Department is correct that the Legislature erred in the 1996 amendments, the Legislature is the only branch with the constitutional authority to correct this alleged error. Accordingly, this Court answers the certified question in the affirmative, holding that section 212.08(6), Florida Statutes, entitles the respondents to a sales tax exemption on those materials purchased by municipally owned utilities for use in the repair, replacement, or refurbishment of their existing electric energy transmission or distribution systems. The district court's decision is approved.
It is so ordered.
WELLS, C.J., and HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Zuckerman v. Alter, 615 So.2d 661, 663 (Fla. 1993); see also St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071 (Fla.1982).
[2] The act, as it relates to section 212.08, is titled: "An act relating to taxation; ... amending s. 212.08, F.S.; deleting obsolete provisions relating to exemptions for political subdivisions, tasting beverages, and vessels engaged in interstate or foreign commerce;...." Ch. 96-397, title at 2469, Laws of Fla.
[3] Rollins v. Pizzarelli, 761 So.2d 294, 299 (Fla.2000).
[4] Richardson v. Richardson, 766 So.2d 1036, 1043 (Fla.2000).