SCHWARTZ, Senior Judge.
In a declaratory statement, the Department of Business and Professional Regulation, Division of Florida Land Sales, Condominiums, and Mobile Homes, held that items, such as Jacuzzis, trellises, and elaborate screen enclosures, which were purchased, installed, may be removed, and are usable only by individual unit owners are nevertheless “condominium property,” which under section 718.111(11), Florida Statutes (2006),[1] must be insured by the *736 association, merely because they are located on the patio outside, rather than inside, the individual unit.[2] Of course, we reverse.
In the total absence of any cognizable legal basis for the inside-and-outside distinction drawn by the Division, which would as well apply to a barbeque or even a lounge chair placed on the patio, it is self-evident that this ruling, that the owner of all the sticks or incidents of ownership which make up the proverbial bundle of property rights is not its owner and that something or someone else is, cannot stand. See Black’s Law Dictionary 1252-53 (8th ed. 2004) (defining “property” as: “The right to possess, use, and enjoy a determinate thing ...; the right of ownership. ... — Also termed bundle of rights.”).
What is more, it cannot survive any of the conceivable standards of review which may apply to our consideration of the case. It is both a clearly erroneous assessment of the facts, see Dieguez v. Dep’t of Law Enforcement, Grim. Justice Standards & Training Comm’n, 947 So.2d 591 (Fla. 3d DCA 2007), review denied, 962 So.2d 336 (Fla.2007); Fla. Mun. Power Agency v. Dep’t of Revenue, 764 So.2d 914 (Fla. 1st DCA 2000), approved, 789 So.2d 320 (Fla.2001), and entirely contrary to any acceptable interpretation of the statutory language the administrative agency in question is charged with enforcing. See City of Coral Gables Code Enforcement Bd. v. Tien, 967 So.2d 963 (Fla. 3d DCA 2007); Atlantis at Perdido Ass’n, Inc. v. Warner, 932 So.2d 1206 (Fla. 1st DCA 2006); Arza v. Fla. Elections Comm’n, 907 So.2d 604 (Fla. 3d DCA 2005).
By way of gilding the lily, we may add that the consequence of the decision below is the utterly unfair one of making members of the association responsible for insuring property which they do not and cannot use, and from which they derive no benefit — indeed, in which they apparently have no insurable interest which would even permit their maintenance of valid insurance. See § 627.405, Fla. Stat. (2006); Brockton v. S. Life & Health Ins. Co., 556 So.2d 1138, 1139 (Fla. 3d DCA 1989); Corat Int’l, Inc. v. Taylor, 462 So.2d 1186, 1187 n. 2 (Fla. 3d DCA 1985), review denied, 471 So.2d 44 (Fla.1985). Finally, the ruling is contrary to previous rulings of the Division itself. See Four Sea Suns Condominium Ass’n, Inc. v. Pariseau, Case no. 00-0559, (Summary Final Order, August 24, 2000, Scheuerman, Arb.) [2000 WL 34475649]; Salamone v. Golden Horn Condominium Ass’n, Inc., Case no. 96-0370, (Summary Final Order, July 17, 1997, Scheuerman, Arb.) [1997 WL 33781686], See generally Michael J. Gelfand, The Plaza East Trilogy: Not a Nursery Rhyme, But Scary Warfare, 82 Fla. Bar J., 38 (April 2008). Those cases, *737 and not the one before us, were correctly decided.
In sum, it is bad enough to compare apples and oranges; it is much worse to find that apples are oranges. The ruling below is
Reversed.

.Section 718.111(11) provides, in part:
(a) A unit-owner controlled association shall use its best efforts to obtain and maintain adequate insurance to protect the association, the association property, the common elements, and the condominium property required to be insured by the association pursuant to paragraph (b).
(b) Every hazard insurance policy issued or renewed on or after January 1, 2004, to protect the condominium shall provide primary coverage for:
1. All portions of the condominium property located outside the units;
2. The condominium property located inside the units as such properly was initially installed, or replacements thereof of like kind and quality and in accordance with the original plans and specifications or, if the original plans and specifications are not available, as they existed at the time the unit was initially conveyed; and
3.All portions of the condominium property for which the declaration of condominium requires coverage by the association. Anything to the contrary notwithstanding, the terms "condominium property,” "building,” “improvements,” “insurable improvements,” "common elements,” "association property," or any other term found in the declaration of condominium which defines the scope of property or casualty insurance that a condominium association must obtain shall exclude all floor, wall, and ceiling coverings, electrical fixtures, appliances, air conditioner or heating equipment, water heaters, water filters, built-in cabinets and countertops, and window treatments, including curtains, drapes, blinds, hardware, and similar window treatment components, or replacements of any of the foregoing which are located within the boundaries of a unit and serve only one unit and all air conditioning compressors that service only *736 an individual unit, whether or not located within the unit boundaries.
(c) Every hazard insurance policy issued or renewed on or after January 1, 2004, to an individual unit owner shall provide that the coverage afforded by such policy is excess over the amount recoverable under any other policy covering the same property. Each insurance policy issued to an individual unit owner providing such coverage shall be without rights of subrogation against the condominium association that operates the condominium in which such unit owner's unit is located. All real or personal property located within the boundaries of the unit owner's unit which is excluded from the coverage to be provided by the association as set forth in paragraph (b) shall be insured by the individual unit owner.

. The Division also held that similar items which were installed by the developer and remain fixed to the outside of the condominium structures are "condominium property.” No one challenges that determination.