DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ROBERT SAMPAIO,**
Appellee.

No. 4D18-3416

[February 19, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas M. Lynch V, Judge; L.T. Case No. 16-8601 CF10A.

Ashley Moody, Attorney General, Tallahassee, and MaryEllen M. Farrell and Deborah Koenig, Assistant Attorneys General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellee.

KLINGENSMITH, J.

The State of Florida appeals the dismissal of an information charging the defendant, Robert Sampaio, with failure to redeliver a hired vehicle "contrary to" section 817.52(3), Florida Statutes (2016). The trial court dismissed the information on the ground that the defendant did not initial a paragraph with the specific language required by section 812.155(6), Florida Statutes (2016). Because the State charged the defendant under section 817.52(3), and not under section 812.155, we reverse.

The defendant was charged under section 817.52(3) for failure to redeliver a hired vehicle. The defendant moved to dismiss the information, arguing that the State had "failed to meet the strict statutory requirements" under section 812.155(6), Florida Statutes, which states that "[a]s a prerequisite to prosecution," a rental agreement must include a warning statement initialed by the renter. Specifically, the defendant argued that the rental agreement "call[ed] for punishment in accordance [with] section 812.155," but failed to meet the strict notice requirement

mandated by section 812.155(6) because the agreement "does not encompass the statutory language nor was it initialed by the renter."

The State filed a response to the defendant's motion to dismiss, pointing out that the defendant was charged under section 817.52(3)—not under section 812.155. Following a non-evidentiary hearing, the trial court entered a written order granting the defendant's motion and dismissing the information. This appeal followed.

Where a motion to dismiss under Florida Rule of Criminal Procedure 3.190 turns on a question of law, the standard of review is de novo. *See State v. Hinkle*, 970 So. 2d 433, 434 (Fla. 4th DCA 2007). Likewise, issues of statutory interpretation are reviewed de novo. *See Therlonge v. State*, 184 So. 3d 1120, 1121 (Fla. 4th DCA 2015).

It is axiomatic that when construing a statute, a court must first look to the statute's plain language. *See State v. Hackley*, 95 So. 3d 92, 93 (Fla. 2012). "[S]ignificance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." *Hechtman v. Nations Title Ins. of N.Y.*, 840 So. 2d 993, 996 (Fla. 2003). If the meaning of the statute "is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *Lee Cty. Elec. Coop., Inc. v. Jacobs*, 820 So. 2d 297, 303 (Fla. 2002). "Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity." *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 454 (Fla. 1992) (quoting *Van Pelt v. Hilliard*, 78 So. 693, 694 (Fla. 1918)).

"Courts should not construe unambiguous statutes in a manner that would extend, modify, or limit their terms or the obvious implications as provided by the Legislature." *State v. Chubbuck*, 141 So. 3d 1163, 1170 (Fla. 2014). "[T]he statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent." *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005); *see also Brown v. City of Vero Beach*, 64 So. 3d 172, 174 (Fla. 4th DCA 2011); *Miles v. Parrish*, 199 So. 3d 1046, 1048 (Fla. 4th DCA 2016).

In this case, the defendant was charged under section 817.52(3), which defines the criminal offense of failure to redeliver a hired vehicle as follows:

> (3) FAILURE TO REDELIVER HIRED VEHICLE.—Whoever, after hiring a motor vehicle under an agreement to redeliver

the same to the person letting such motor vehicle or his or her agent, at the termination of the period for which it was let, shall, without the consent of such person or persons and with intent to defraud, abandon or willfully refuse to redeliver such vehicle as agreed shall, upon conviction, be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 817.52(3), Fla. Stat. (2016). Notably, section 817.52(3) does not contain any provision requiring written and initialed notice as a prerequisite to prosecution.

Here, the trial court agreed with the defendant's arguments and applied the requirements of a separate statute to his case. That statute, section 812.155(3), defines the criminal offense of failure to return hired or leased personal property. Although this offense is similar to the offense established under section 817.52(3), section 812.155(3) differs from section 817.52(3) in the following respects: first, section 812.155(3) uses the phrase "personal property or equipment," instead of "motor vehicle"; and second, section 812.155(3) makes no reference to any "intent to defraud":

> (3) FAILURE TO RETURN HIRED OR LEASED PERSONAL PROPERTY.—Whoever, after hiring or leasing personal property or equipment under an agreement to return the personal property to the person letting the personal property or equipment or his or her agent at the termination of the period for which it was let, shall, without the consent of the person or persons knowingly abandon or refuse to return the personal property or equipment as agreed, commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083, unless the value of the personal property or equipment is of a value of $300 or more; in that case the person commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 812.155(3), Fla. Stat. (2016). Additionally, section 812.155(4)(b) states that "failure to redeliver the property or equipment" within five days of a proper demand for return "is prima facie evidence of abandonment or refusal to redeliver the property or equipment." In other words, section 812.155(4)(b) "creates a permissive inference that failure to redeliver the property is evidence of abandonment or refusal to redeliver such property." *Ellsworth v. State*, 89 So. 3d 1076, 1078 (Fla. 2d DCA 2012).

3

To ensure that a renter is made aware of the consequences created by the permissive inference contained within this particular statutory provision, section 812.155(6) establishes a notice requirement "[a]s a prerequisite to prosecution" under section 812.155:

> (6) NOTICE REQUIRED.—As a prerequisite to prosecution *under this section,* the following statement must be contained in the agreement under which the owner or person lawfully possessing the property or equipment has relinquished its custody, or in an addendum to that agreement, and the statement must be initialed by the person hiring or leasing the rental property or equipment:
>
> > Failure to return rental property or equipment upon expiration of the rental period and failure to pay all amounts due (including costs for damage to the property or equipment) are evidence of abandonment or refusal to redeliver the property, punishable in accordance with section 812.155, Florida Statutes.

§ 812.155(6), Fla. Stat. (2016) (emphasis added).

Here, the trial court erred by applying the notice requirement of section 812.155 to a prosecution under section 817.52—a separate and distinct statute. The plain language of section 817.52 does not include any notice requirement, nor does it reference section 812.155. Moreover, the plain language of section 812.155(6) makes clear that the notice requirement is a prerequisite to prosecution "*under this section,*" meaning section 812.155. Prosecution of the defendant under section 817.52(3) did not require compliance with the notice requirement found in section 812.155(6).

Although it appears that the defendant could have been charged under either statute, because the statutes proscribe similar conduct, the defendant was charged solely under section 817.52 and not section 812.155. Section 812.155 is a general statute that applies to rental property or equipment, whereas section 817.52 is a specific statute applicable solely to the leasing of vehicles. The purpose of the notice requirement contained in section 812.155 is to notify renters of the permissive inference that a failure to return rental property or equipment upon the expiration of the rental period is evidence of abandonment or refusal to redeliver the property. By contrast, section 817.52 does not create any such permissive inference. And, unlike section 812.155, section 817.52 requires proof of "intent to defraud, abandon or willfully refuse to redeliver" the property rather than allowing for a permissive inference to be made.

4

Because the wording of section 817.52(3) "is not ambiguous, unreasonable, or illogical," courts may not go beyond its clear wording and plain meaning to add to the statute's provisions. *See Palm Beach Cmty. Coll. Found., Inc. v. WFTV, Inc.*, 611 So. 2d 588, 589 (Fla. 4th DCA 1993). To do so would be to modify the express terms of the statute, which would be an improper abrogation of legislative power. *See Oruga Corp. v. AT&T Wireless of Fla., Inc.*, 712 So. 2d 1141, 1144 (Fla. 3d DCA 1998) (citing *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)).

The defendant rightly concedes that section 812.155(6)'s notice requirement does not specifically apply to him, but nonetheless argues that this court should affirm based upon the rule of lenity. Under the rule of lenity, ambiguous criminal statutes must be construed in favor of the accused. *See State v. Losada*, 175 So. 3d 911, 913 (Fla. 4th DCA 2015). However, the rule of lenity is a canon of last resort that applies only when, after consulting traditional rules of statutory construction, the statute is still ambiguous. *See Kasischke v. State*, 991 So. 2d 803, 814 (Fla. 2008). The rule of lenity is inapplicable when a statute is unambiguous. *See Hopkins v. State*, 105 So. 3d 470, 475 (Fla. 2012).

Here, because section 817.52 is unambiguous, the rule of lenity does not apply. Because the unambiguous language of section 817.52(3) does not incorporate section 812.155(6)'s notice requirement, the analysis ends here. This court cannot look behind the plain language of the statute or resort to the rules of statutory construction to ascertain legislative intent. Inserting section 812.155(6)'s notice provision into section 817.52(3) by judicial interpretation, or by ignoring the words "under this section," creates a substantive prerequisite to establishing a defendant's criminal liability not expressly intended by the Legislature. This court should not effectively apply missing verbiage to a statute where such a revision "would substantively change the entire meaning of the statute in a manner contrary to its plain meaning." *Fla. Dep't of Revenue v. Fla. Mun. Power Agency*, 789 So. 2d 320, 324 (Fla. 2001). "Under fundamental principles of separation of powers, courts cannot judicially alter the wording of statutes where the Legislature clearly has not done so." *Id.*

"A court's function is to interpret statutes as they are written and give effect to each word in the statute." *Id.* We decline the defendant's invitation to add words to a statute that were not placed there by the Legislature. *See Hayes v. State*, 750 So. 2d 1, 4 (Fla. 1999); *see also State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993) (holding that the court could not expand the scope of the plain language of a statute as "the Legislature, rather than [the] Court" would be "the proper party to do so").

Accordingly, because section 817.52 does not include a notice requirement, the trial court erred in granting the defendant's motion to dismiss on the basis that the rental agreement did not satisfy section 812.155(6)'s notice requirement. We therefore reverse and remand this matter to the trial court for further proceedings consistent with this opinion.

*Reversed and remanded.*

WARNER and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***