# Third District Court of Appeal

## State of Florida

Opinion filed January 21, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0322
Lower Tribunal No. 2006-26218-CA-01
_____

**Merco Group at Akoya, Inc.,**
Appellant,

vs.

**General Computer Services, Inc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks (Vero Beach), for appellant.

Crabtree & Auslander, and John G. Crabtree, Charles M. Auslander, and Brian C. Tackenberg, for appellee.

Before SCALES, C.J., and MILLER, and BOKOR, JJ.

PER CURIAM.

On Motion for Rehearing or Clarification, we withdraw our opinion of December 10, 2025, and substitute the following in its place.

Appellant, Merco Group at Akoya, Inc., the corporate judgment debtor in proceedings supplementary involving an unsatisfied final judgment rendered following a nearly decade-old default, appeals from an order appointing a post-judgment receiver under section 56.10, Florida Statutes (2025), at the request of appellee, General Computer Services, Inc., the judgment creditor. Casting aside the fact that there is no transcript of the pivotal hearing, the cases cited in furtherance of relief are inapposite because the language of section 56.10, Florida Statutes, plainly authorizes the trial court to appoint a receiver for the corporate judgment debtor for the purpose of collecting the unsatisfied judgment. See § 56.10, Fla. Stat. ("If an execution cannot be satisfied in whole or in part for lack of property of the corporate judgment debtor subject to levy and sale, . . . the circuit court in chancery . . . may appoint a receiver for the corporate judgment debtor."); see also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."). We decline the invitation to engraft further language

2

onto the statute and affirm the order under review.[1]  See Fla. Dep't of Revenue v. Fla. Mun. Power Agency, 789 So. 2d 320, 324 (Fla. 2001) ("Under fundamental principles of separation of powers, courts cannot judicially alter the wording of statutes where the Legislature clearly has not done so.").

Affirmed.

---

[1] We further note that chapter 56 proceedings are exempted from the scope of Florida Rule of Civil Procedure 1.200(a)(15). See Fla. R. Civ. P. 1.200(a)(15) ("The requirements of this rule apply to all civil actions except . . . all proceedings under chapter 56, Florida Statutes . . . .").