# Third District Court of Appeal

## State of Florida

Opinion filed February 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0289
Lower Tribunal No. 23-60651-CC-25
_____

## Spartan Services Corp.,
Appellant,

vs.

## Citizens Property Insurance Corporation,
Appellee.

An Appeal from the County Court for Miami-Dade County, Luis Perez-Medina, Judge.

Insurance Trial Lawyers, and Camilo E. Pulido, for appellant.

Lydecker, LLP, and Michelle Diverio and Alejandro Sanchez Parraga, for appellee.


Before SCALES, C.J., and LINDSEY and LOBREE, JJ.

SCALES, C.J.

Appellant Spartan Services Corp. ("Spartan") provided post-loss water mitigation services to homeowners who were insured under a policy issued by appellee Citizens Property Insurance Corporation ("Citizens"). Spartan and the insured had executed an assignment of benefits ("AOB"). Citizens denied payment of Spartan's invoice on the premise that the AOB violated section 627.7152(7) of the Florida Statutes and was therefore invalid. The trial court agreed with Citizens and dismissed Spartan's amended complaint with prejudice for lack of standing. Because the AOB is not violative of section 627.7152(7), and is not invalid, Spartan does have standing to sue Citizens, and we reverse the trial court's August 14, 2024 dismissal order.

## I. Relevant Background

The insureds, Paula Villa and Maykel Garcia, owned a home in Miami that was damaged, in 2022, by Hurricane Ian. On December 14, 2022, the insureds and Spartan executed the AOB, attached to which was a cost estimate of proposed water mitigation services. The AOB contained the following sentence: "Client agrees that any portion of work, deductibles, betterment, *depreciation* or additional work requested by the undersigned, not relating to the subject claim, must be paid by the undersigned on or before its completion." (Emphasis added).

2

Citizens acknowledged the loss, assigned an adjustor and claim number, and completed an investigation. After Spartan performed the services, it submitted a bill to Citizens in the amount of $17,272.37. Citizens refused to pay Spartan's invoice, alleging that the AOB violates section 627.7152(7),[1] thereby making the AOB invalid and unenforceable.

---

[1] Section 627.7152(7) provides as follows:

> (a) Notwithstanding any other provision of law, and except as provided in paragraph (b), acceptance by an assignee of an assignment agreement is a waiver by the assignee and its subcontractors of claims against a named insured for payments arising from the assignment agreement. The assignee and its subcontractors may not collect or attempt to collect money from an insured, maintain any action at law against an insured, claim a lien on the real property of an insured, or report an insured to a credit agency for payments arising from the assignment agreement. Such waiver remains in effect after the assignment agreement is rescinded by the assignor or after a determination that the assignment agreement is invalid.
>
> (b) A named insured is responsible for the payment of all of the following:
>
> 1. Any deductible amount due under the policy.
> 2. Any betterment ordered and performed that is approved by the named insured.
> 3. Any contracted work performed before the assignment agreement is rescinded.

§ 627.7152(7), Fla. Stat. (2022).

In June 2023, Spartan, asserting standing based on the AOB, sued Citizens for breach of contract. In its August 14, 2024 final order dismissing Spartan's lawsuit with prejudice, the trial court concluded the AOB violated section 627.7152(7) and was therefore invalid. Spartan timely appealed.

**II. Analysis[2]**

Citizens argued below, as it does on appeal, that section 627.7152(7)(b) provides an exhaustive list of items for which an insured is responsible, and because "depreciation" is not contained in section 627.7152(7)(b)'s list – but is contained in the AOB as an item for which the insured is responsible – the AOB is invalid. If the AOB is invalid, Spartan, as a stranger to the insurance agreement between Citizens and its insured, would lack standing.

We agree with Citizens that if the AOB were invalid, Spartan would lack standing. See Gables Ins. Recovery, Inc. v. Citizens Prop. Ins. Corp., 261 So. 3d 613, 618 (Fla. 3d DCA 2018) ("Because [the assignee] was not a party to – or a third party beneficiary of – the insurance contracts between the insureds and Citizens, there is no dispute that the only way the company

---

[2] We review *de novo* both a trial court's order dismissing a complaint for failure to state a cause of action and a trial court's construction of a statute. Williams Island Ventures, LLC v. de la Mora, 246 So. 3d 471, 475 (Fla. 3d DCA 2018).

could have standing to sue on behalf of the homeowners was if the assignments were valid."). Citizens, however, cites no authority for its argument that the AOB's inclusion of "depreciation" as an item for which the insured is responsible violates section 627.7152(7) and invalidates the AOB.

In fact, there is recent contrary authority noticeably similar to this case. As in the instant case, in <u>Well Done Mitigation, LLC v. Citizens Property Insurance Corp.</u>, 416 So. 3d 365 (Fla. 2d DCA 2025), an insured of Citizens suffered weather-related damage to his home. An assignee of the insured that had provided water mitigation services sued Citizens for breach of contract after Citizens denied payment to the assignee. <u>Id.</u> at 367. The assignment of benefits agreement in <u>Well Done Mitigation</u> contained the same language as in the AOB, tracking section 627.7152(7)(b) but adding "depreciation" to the list of insured responsibilities. As occurred here, the trial court, in granting Citizen's dismissal motion, held that the assignment agreement did not comply with section 627.7152(7), thereby making it invalid and unenforceable. <u>Id.</u> The Second District reversed the trial court and held that the assignee had standing to sue Citizens because the assignment agreement was not violative of section 627.7152(7) and was therefore valid.[3]

---

[3] We note that the trial court in the instant matter did not have the benefit of <u>Well Done Mitigation</u> when it entered the challenged dismissal order.

5

As the Second District noted, section 627.7152(2) does prescribe the extensive requirements and limitations of a valid and enforceable assignment of benefits agreement, and section 627.7152(2)(d) states that "[a]n assignment agreement that does not comply with this subsection is invalid and unenforceable." Indeed, a violation of section 627.7152(2) will subject an assignee's claim against an insurer to dismissal for lack of standing. See Total Care Restoration, LLC v. Citizens Prop. Ins. Corp., 357 So. 3d 1260, 1266 (Fla. 3d DCA 2023). Citizens, though, has identified no provision of section 627.7152(2) with which the AOB does not comply. Therefore, subsection (2)(d) does not apply to render the AOB invalid and unenforceable.

As mentioned above, Citizens instead argues that subsection (7)(b) implicitly prohibits an assignment agreement from containing – and invalidates any agreement that does contain – language clarifying that the insured remains responsible for any depreciation. Subsection (7)(b), though, contains no such prohibition, and neither explicitly nor implicitly invalidates the AOB. As our sister court did in Well Done Mitigation, we decline Citizens's invitation to rewrite the statute. Fla. Dep't of Revenue v. Fla. Mun. Power Agency, 789 So. 2d 320, 324 (Fla. 2001).

6

Concluding that the AOB is not violative of section 627.7152(7), we reverse the final order dismissing Spartan's amended complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.