494 So.2d 260 (1986)
Herbert L. HIRSH and Marlene Hirsh, His Wife, On Behalf of Themselves and All Others Similarly Situated, Appellants,
v.
J. Doyle CREWS, Property Appraiser of Columbia County and Randy Miller, Executive Director, State of Florida, Department of Revenue, Appellees.
No. BI-249.
District Court of Appeal of Florida, First District.
September 9, 1986.
J. Randall Hooper, of Scruggs & Carmichael, Gainesville, for appellants.
Terry McDavid, Lake City, for appellees.
WENTWORTH, Judge.
Appellants seek review of a final order denying them class action status and dismissing their challenge to ad valorem tax assessments.
Appellants Herbert and Marlene Hirsh claim their filing as representative plaintiffs *261 a class action to challenge tax assessments within the 60-day claims period provided under section 194.171(2), Florida Statutes, commenced the action for all members of the class. We disagree and affirm.
Appellants Hirsh are residents of Columbia County and owners of single family residential property. The plaintiff class is comprised of all Columbia County taxpayers whose single family residential property was allegedly reassessed on the 1984 Columbia County real property tax roll at a higher level than all other single family residential property in Columbia County.
In July 1984 the Columbia County property appraiser completed and submitted to the Florida Department of Revenue the 1984 Columbia County real property tax assessment roll assessing 21,969 real property parcels in Columbia County. The assessment roll figures for single family residences were determined in two ways. The single family residences owned by the plaintiff class were systematically reassessed using 1984 market figures for a per square foot base rate. The remainder of the single family residences in the county were not reassessed, but were carried over from the prior year's tax roll, which employed a substantially lower base rate. Not all single family residences on the tax roll were reassessed because there was not enough time to reassess all parcels.
On December 6, 1984, appellants Hirsh paid to the Columbia County tax collector the full amount of the property tax assessment for the property they own. The tax collector issued a receipt for the payment of the taxes. Appellants Hirsh then on behalf of themselves and all others similarly situated filed a class action complaint pursuant to Rule 1.220, Fla.R.Civ.P., claiming unconstitutional and discriminatory reassessment of their property on the 1984 county tax roll. The Hirsh's individual claim is approximately $120, while the aggregate claim of the class members, who number from 2500 to 4000, is approximately $246,500. Appellants Hirsh admitted in pleadings that no taxpayers other than themselves had complied with the provisions of section 194.171 that require filing of an action to challenge a tax assessment within 60 days of the date the assessment is certified, and the filing of a receipt for the payment of the disputed tax.
The lower court found that the action was not maintainable on behalf of a class of taxpayers who had not brought an action within the claim period.
Section 194.171, Florida Statutes (1983), provides that:
(2) No action shall be brought to contest a tax assessment after sixty (60) days from the date the assessment being contested is certified for collection ...
(3) Before a taxpayer may bring an action to contest the tax assessment, he shall pay to the collector not less than the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file a receipt with his complaint.
.....
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3) and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).
The Supreme Court, in Miller v. Molte, 453 So.2d 397 (Fla. 1984), expressly rejected its prior characterization of section 194.171(2) as a statute of nonclaim, holding it to be instead a statute of limitation. Although Miller was decided after the 1983 amendment of section 194.171, which added subsection (6), the amendment did not apply to the pre-1983 tax assessment at issue in that case. Subsequently section 194.171(2), as amended, has been construed to *262 be a statute of nonclaim acting as an absolute bar to any suit filed after the 60 day time limit. Gulfside Vacations Inc. v. Schultz, 479 So.2d 776 (Fla. 2d DCA 1985). We find that construction to be correct and controlling.
Because section 194.171 is jurisdictional, payment of taxes owed by the representative plaintiffs alone, filing of their tax receipt, and filing of an action within the 60 day limit as a class action, would not satisfy the requirements of the statute as to the other members of the class. Under the statute as amended, the trial court had no power or authority to determine the rights of taxpayers who did not meet the requirements of section 194.171.
The court in this case therefore properly denied plaintiffs' class action status and dismissed the cause.
Affirmed.
NIMMONS, J., and WILLIS, Associate Judge, concur.