KELLY, Judge.
The Department of Revenue and the Polk County Tax Collector appeal from a nonfinal order certifying a class and approving class notice. We affirm.
The appellee, Pepperidge Farm, Inc., filed a class action complaint seeking refunds of ad valorem taxes it and other prospective class members had paid on computer software. Pepperidge Farm alleged that the software was defined by section 192.001(19), Florida Statutes (1997), as intangible personal property not subject to ad valorem taxation. It filed a motion for class certification and a request for approval of class notice. The Department and the Tax Collector opposed Pep-peridge Farm’s motion, arguing that Pep-peridge Farm’s complaint was a challenge to the assessment of property which, under subsection 194.171(2), Florida Statutes (1997), should have been brought within sixty days of the date the county tax rolls were certified. They argued that the failure to bring the action within that time deprived the trial court of jurisdiction. See § 194.171(6). Pepperidge Farm responded that it was not challenging the assessment of its property; instead, it was challenging the classification of its property as tangible, rather than intangible, for valuation purposes. Therefore, it argued *577 that it had four years to seek a refund under section 197.182(l)(e), Florida Statutes (1997).
We agree with Pepperidge Farm that its lawsuit does not challenge the property appraiser’s exercise of judgment in assessing the value of its computer software but, rather, that it challenges the classification of its computer software as tangible personal property. Accordingly, we find no error in the trial court’s determination that Pepperidge Farm’s lawsuit was not one barred by the sixty-day time limit in section 194.171. See Sartori v. Dep’t of Revenue, 714 So.2d 1136 (Fla. 5th DCA 1998) (holding that where the taxpayer never challenged the county’s judgment regarding the value of equipment, but only challenged the classification of the property, the taxpayer had four years within which to file, suit under section 197.182). Further, as the trial court noted, the Department’s contention that the sixty-day time limit applies to Pepperidge Farm’s claims is refuted by its own internal documents and information bulletins which recognize the applicability of the refund provisions of section 197.182 to taxpayers seeking a refund for ad valorem taxes paid on computer software.
The Department and the Tax Collector also argue that the trial court erroneously concluded that the class certification requirements of Florida Rule of Civil Procedure 1.220(a) were met. We find no merit in their argument. The requirements for certification of a class are “nu-merosity, commonality, typicality and adequacy.” See Fla. R. Civ. P. 1.220(a)(l)-(4). In opposing the motion for class certification, the Department and the Tax Collector never addressed these prerequisites, but instead argued in essence that Pepper-idge Farm and the other prospective taxpayers had not stated a cause of action. The trial court correctly recognized that the issue of whether the complaint stated a cause of action was not before it and it properly focused on whether the requirements of rule 1.220 were satisfied. See Samples v. Hernando Taxpayers Ass’n, 682 So.2d 184, 185 (Fla. ,5th DCA 1996). Accordingly, we affirm the order certifying the case as a class action and approving class notice.
Affirmed.
ALTENBERND, C.J., and CASANUEVA, J., concur.