We have for review Ward v. Brown, 892 So.2d 1059 (Fla. 1st DCA 2003), which expressly and directly conflicts with the decisions in Florida Governmental Utility Authority v. Day,784 So.2d 494 (Fla. 5th DCA 2001), and Department of Revenue v.Pepperidge Farm, Inc., 847 So.2d 575 (Fla. *Page 812 
2d DCA 2003). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. Because we agree with the First District Court of Appeal's opinion in Ward, we approve the decision below and disapprove of the Day and Pepperidge Farm decisions to the extent they conflict with our analysis herein. We hold that the mandatory sixty-day provision of section 194.171(1), Florida Statutes, applies broadly to taxpayers' actions challenging the assessment of taxes against their property regardless of the legal basis of the challenge.
 FACTS
The petitioners are long-term lease holders of property owned by Santa Rosa County. They filed a class action suit in circuit court seeking a declaratory judgment and injunctive relief against the county property appraiser and tax collector for imposing ad valorem taxes on their leasehold interests. Ward v.Brown, 892 So.2d 1059 (Fla. 1st DCA 2003). The plaintiffs challenged tax assessments on their interests in property that they alleged was not subject to ad valorem taxation pursuant to section 196.199, Florida Statutes (2001). Id. The circuit court struck the class action pleadings upon concluding that members of the class did not comply with the sixty-day limitation and time requirements of section 194.171(1). Id. Section 194.171(1) provides:
 The circuit courts have original jurisdiction at law of all matters relating to property taxation. Venue is in the county where the property is located, except that venue shall be in Leon County when the property is assessed pursuant to s. 193.085(4).
§ 194.171(1), Fla. Stat. (2001). In its order, the trial court explained its rationale:
 The Defendants cite Hirsh v. Crews, 494 So.2d 260, (Fla. 1st DCA 1986), in which the District Court of Appeals [sic] held that a class action suit is not maintainable on behalf of a class of taxpayers who did not bring an action within the claim period. In Hirsh, the Plaintiffs, within sixty (60) days of the assessment, filed a Complaint on behalf of themselves and all others similarly situated pursuant to Rule 1.220, Fla.R.Civ.P., the First District Court held that the suit was maintainable by the named Plaintiff, but not on behalf of the putative class. This Court finds that the decision of the First District Court of Appeals [sic] in Hirsh, requires the Court to find that it does not have jurisdiction to entertain a lawsuit on behalf of the putative class members.
The First District Court of Appeal affirmed the circuit court's decision that members of the class were time-barred from challenging the tax assessments because they did not file an objection to the assessments within the sixty-day time frame set forth in section 194.171(2), explaining:
 Whether couched in terms of an "assessment" or a "classification," the appellants are challenging the property appraiser's judgment to deny them an exemption under chapter 196, place their properties on the tax roll, and impose ad valorem taxes. Denial of exemptions are "assessments" subject to the requirements of section 194.171, Florida Statutes. See Hall v. Leesburg Regional Medical Center, 651 So.2d 231 (Fla. 5th DCA 1995) (rejecting argument that 194.171 applies only to actions contesting tax values, and not denial of not-for profit exemption status); Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA 1991) (imposing 60-day requirement of section 194.171 on challenge alleging Abundant Life Christian Center property was exempt from taxes); *Page 813 Macedonia Hous. Auth. 641 So.2d at 131.
Ward, 892 So.2d at 1060. In a petition for review in this Court the petitioners contend that section 194.171(2) does not apply to their action.
 § 194.171(2), Fla. Stat. (2001)
This Court has held that the sixty-day filing period in section194.171 is jurisdictional. Markham v. Neptune Hollywood BeachClub, 527 So.2d 814, 815 (Fla. 1988) ("No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met.").
However, the petitioners argue that instead of the sixty-day period of non-claim provided for in section 194.171(2), they are entitled to a four-year statute of limitations period in which to challenge the authority of the tax assessor to tax their property. They contend that they are not truly challenging the "assessment" of taxes against them, but instead they are challenging the "classification" of their property. The First District refused to acknowledge a distinction between the two challenges, stating: "We decline to accept appellants' semantic argument." Ward, 892 So.2d at 1060.
Petitioners claim that two other district courts of appeal have accepted similar arguments by litigants. In Florida GovernmentalUtility Authority v. Day, 784 So.2d 494 (Fla. 5th DCA 2001), Osceola County was denied a utility tax exemption. Id. at 495. The Fifth District Court of Appeal found that the utility authority's challenge was not a tax assessment challenge, "but rather challenged the classification of the property for valuation purposes, i.e., its classification or status as a non-exempt governmental entity." Id. at 497. Citing the opinion of the Fifth District in Sartori v. Department of Revenue,714 So.2d 1136 (Fla. 5th DCA 1998),[1] the Day court held:
 Florida courts recognize a difference between a claim involving the classification of property, and a claim challenging a tax assessment on property. A classification claim is not governed under section 194.171; a claim challenging a tax assessment is subject to the statute. Instead, a classification claim is subject to the four year statute of limitation for errors in classification.
Id. (citations omitted). Likewise, in Department of Revenue v.Pepperidge Farm, Inc., 847 So.2d 575 (Fla. 2d DCA 2003), Pepperidge Farm filed a class action suit seeking refunds of ad valorem taxes that were paid on computer software. Id. at 576. Pepperidge Farm argued that it was not subject to the sixty-day rule because it was challenging the classification of its property as real property rather than an assessment of its value.Id. Citing Sartori, the Second District agreed with Pepperidge Farm, stating:
 [The] lawsuit does not challenge the property appraiser's exercise of judgment in assessing the value of its computer software but, rather, . . . it challenges the classification of its computer software as tangible personal property. *Page 814 
Accordingly, we find no error in the trial court's determination that Pepperidge Farm's lawsuit was not one barred by the sixty-day time limit in section 194.171.
Id. at 577. Petitioners assert that, as in these cases, their challenge is to the classification of their property as taxable real estate rather than the assessor's appraisal of its value.
 Legislative Scheme and Intent
The Legislature has set out a comprehensive statutory scheme for counties to assess and collect taxes simultaneously with procedures for taxpayer challenges to tax assessments. See §§192.001—.123, 193.011-.155, 194.011-.037, 195.0011-.207,196.001—.32 Fla. Stat. (2001). Section 194.171, Florida Statutes, entitled "Circuit court to have original jurisdiction in tax cases," states in pertinent part:
 No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.
§ 194.171(2), Fla. Stat. (2001). As noted above, this Court has given a strict construction to the sixty-day non-claim period provided in section 194.171(2) and has held that compliance with its provisions is mandatory regardless of the nature of the taxpayer's claim. See Markham, 527 So.2d at 815.
On the other hand, petitioners rely upon Florida Administrative Code Rule 12D-8.021 which provides in pertinent part:
 (2) For every change made to an assessment roll subsequent to certification of that roll to the tax collector pursuant to section 193.122, Florida Statutes, the property appraiser shall complete a Form DR-409, Certificate of Correction of the Tax Roll. No property appraiser shall issue a Certificate of Correction except for a reason permitted by this rule section.
 (a) The following errors shall be subject to correction:
. . . .
7. Errors in classification of property.
Fla. Admin. Code R. 12D-8.021. It is true that in some cases involving errors in classification listed under rule 12D-8.021, district courts have applied the four-year statute of limitations to the bringing of an action, pursuant to section 197.182(1)(c), Florida Statutes (2001). Some of these cases appear to distinguish between cases involving appraiser error, usually as defined under rule 12D-8.021, and cases involving appraiser discretion.[2] *Page 815 
Of course, we are bound to apply the law adopted by the Legislature in resolving this dispute. And legislative intent is our main guide. We found legislative intent in providing for compliance with the sixty-day non-claim period to be clear inMarkham. That intent controls our decision today.
The law in Florida provides for a system for tax assessment challenges so that counties can perpetuate revenue even though taxpayers may dispute their obligations. Importantly, this scheme provides counties with the ability to collect revenue during the pendency of taxpayer challenges. The First District correctly summarized the public policy considerations with respect to the sixty-day filing period for tax assessment challenges when it stated: "[W]e are cognizant of the legislative intent and public policy behind the adoption of the nonclaim provision contained in section 194.171(2) and (6), Florida Statutes, which is to ensure prompt payment of taxes due and making available revenues that are not disputed." Chihocky v. Crapo, 632 So.2d 230, 232 (Fla. 1st DCA 1994). In section 194.171, the Legislature required taxpayers to pay "not less than the amount of the tax which the taxpayer admits in good faith to be owing" but provided that challenges will be dismissed in cases wherein the taxpayer fails to pay the undisputed amount of taxes "before they become delinquent." § 194.171(3), (5), Fla. Stat. (2001).
This Court, too, has recognized that the statutory sixty-day jurisdictional period for filing challenges to tax assessments is intended to facilitate tax collecting and to put individual taxation issues on the fast-track to resolution so that counties may continue to function and count on tax revenues to do so. SeeLake Worth Towers, Inc. v. Gerstung, 262 So.2d 1, 4-5 (Fla. 1972) ("The policy involved in such limitations and laches is that there must be a time when tax processes and procedures that have been completed should not be judicially disturbed; for examples, where tax funds received have been allocated or expended or intervening rights have accrued from tax delinquency enforcement proceedings prior to any authorized claim or suit being filed or instituted by the taxpayer.").
We conclude that the petitioners' argument that "classification" challenges resulting in a denial of a tax exemption are entitled to a four-year statute of limitations period while other claims are not, would be contrary to the spirit and purpose of the tax assessment statutes, as well as the explicit provisions of section 194.171, which we have construed as a statute of non-claim. See Markham, 527 So.2d at 815.
In practice, if the four-year statute of limitations period suggested by the petitioners was broadly applied, tax assessment challenges could create a quandary, essentially restricting counties from collecting revenue during the pendency of extended taxation challenges. We agree with the First District's decision in Ward and find that the "classification" arguments in Day
and Pepperidge Farm were also tantamount to disagreements between the parties as to the denial of tax exemptions *Page 816 
— not allegations of obvious errors on the part of the property appraisers. Thus, this Court does not accept the petitioners' position that pursuant to rule 12D-8.021, their taxation challenge should properly survive the sixty-day filing period.
We also reject the petitioners' claim that they are not claiming an exemption from ad valorem taxation, an exemption that must initially be determined by the tax assessor in order to determine what property should be on the county tax rolls. For example, when property owned by the county and exempt from taxation is sold to a private entity for private use, the tax assessor has an obligation to place that property on the county tax roll and to assess its value. In this regard, section 196.199
provides:
 (2) Property owned by the following governmental units but used by nongovernmental lessees shall only be exempt from taxation under the following conditions:
 (1) Leasehold interests in property of the United States, of the state or any of its several political subdivisions, or of municipalities, agencies, authorities, and other public bodies corporate of the state shall be exempt from ad valorem taxation only when the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in s. 196.012(6). In all such cases, all other interests in the leased property shall also be exempt from ad valorem taxation. However, a leasehold interest in property of the state may not be exempted from ad valorem taxation when a nongovernmental lessee uses such property for the operation of a multipurpose hazardous waste treatment facility.
 (b) Except as provided in paragraph (c), the exemption provided by this subsection shall not apply to those portions of a leasehold or other interest defined by s. 199.023(1)(d), subject to the provisions of subsection (7). Such leasehold or other interest shall be taxed only as intangible personal property pursuant to chapter 199 if rental payments are due in consideration of such leasehold or other interest. If no rental payments are due pursuant to the agreement creating such leasehold or other interest, the leasehold or other interest shall be taxed as real property. Nothing in this paragraph shall be deemed to exempt personal property, buildings, or other real property improvements owned by the lessee from ad valorem taxation.
 (c) Any governmental property leased to an organization which uses the property exclusively for literary, scientific, religious, or charitable purposes shall be exempt from taxation.
§ 196.199(2), Fla. Stat. (2001). It is apparent that petitioners are seeking some form of the "exemption" related to government-owned and leased property. In any case, whether they are claiming an exemption or claiming that the assessors' action is illegal, unlawful, or void as an improper "classification" or for some other reason, they are still bound by the provisions of section 194.171(1) as we construed those provisions in Markham.
 CONCLUSION
For us to accept the petitioners' interpretations and application of a "classification" challenge in this case would frustrate the legislative intent behind the time limitation on challenges and prompt judicial review of those challenges. We agree with the trial and appellate courts that the "classification" argument is merely an attempt to circumvent the petitioners' failure to properly and timely challenge the tax assessment of their properties as required by section 194.171(1). *Page 817 
Accordingly, we approve the First District's decision below and disapprove of the decisions in Florida Governmental UtilityAuthority v. Day, 784 So.2d 494 (Fla. 5th DCA 2001), andDepartment of Revenue v. Pepperidge Farm, Inc., 847 So.2d 575
(Fla. 2d DCA 2003), to the extent that their holdings are inconsistent with our holding herein.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.
[1] In Sartori v. Department of Revenue, 714 So.2d 1136 (Fla. 5th DCA 1998), a taxpayer sought a refund of ad valorem taxes on pollution control equipment located on his dairy farm. Id. at 1137. The Fifth District found that the county should have classified the equipment under section 193.621, Florida Statutes (1993), and that the taxpayer's challenge "was filed as a means to correct the County's error in failing to classify his property." Id. at 1141. The Fifth District found in Sartori
that the four-year statute of limitation provided in section197.182, Florida Statutes (1995), applied in that case, and that the sixty-day time limit in section 194.171, did not apply.Id.
[2] Compare State Dep't of Revenue v. Gerald Sohn, P.A.,654 So.2d 249 (Fla. 1st DCA 1995) (holding that matters of "omission or commission" are not subject to the sixty-day rule) with Davisv. Macedonia Hous. Auth., 641 So.2d 131 (Fla. 1st DCA 1994) (holding that the sixty-day rule applied to tax exemption denial challenges); compare BankUnited Fin. Corp. v. Markham,763 So.2d 1072 (Fla. 4th DCA 1999) (holding that because Florida Administrative Code Rule 12D-8.021 provides for appraisers to correct certain errors at any time, challenges regarding those types of errors are not subject to the sixty-day rule) withState Dep't of Revenue v. Stafford, 646 So.2d 803 (Fla. 4th DCA 1994) (finding that the challenge was an "attack on the assessed value of the property" and therefore subject to the sixty-day rule) and Nikolits v. Ballinger, 736 So.2d 1253 (Fla. 4th DCA 1999) (finding that the challenge to the denial of an exemption was untimely filed because it was subject to the sixty-day rule);compare Sartori v. Dep't of Revenue, 714 So.2d 1136 (Fla. 5th DCA 1998) (finding that the error in classifying Sartori's property was not subject to the sixty-day rule because it was tantamount to an error that could be corrected at any time under rule 12D-8.021) with Hall v. Leesburg Regional Med. Ctr.,651 So.2d 231 (Fla. 5th DCA 1995) (holding that challenges to the denial of exemptions are subject to the sixty-day rule). The district courts in Day and Pepperidge Farm apparently applied the "classification" analysis (arguably from rule 12D-8.021) to the exemption denial claims, allowing the parties to file outside the sixty-day window.