ALTENBERND, Chief Judge.
James Todora, as Property Appraiser for Sarasota County, appeals a final declaratory judgment. We reverse the judgment, concluding that the trial court lacked jurisdiction to consider the claim.
Dr. Herbert Silverstein, as Trustee, filed an action for declaratory judgment. He maintained that the Property Appraiser had improperly failed to list his home as homestead for all years since 1985.[1] He sought a reassessment for the tax years 1998 through 2002, primarily to obtain the benefits provided to homestead property under the “Save our Homes” amendment. Art. VII, § 4, Fla. Const.; § 193.155, Fla. Stat. (1997). The Property Appraiser responded to the action, arguing that the trial court lacked jurisdiction because the action had not been filed within the sixty-day window provided by section 194.171(2), Florida Statutes (1997-2002). The trial court rejected this argument and proceeded to consider the merits of the case.
*178 The evidence at trial established that Dr. Silverstein’s home was properly classified as homestead property from 1976 to 1984. As a result of a processing error in 1985, the property ceased to be listed as homestead. After all of these years, no one can determine whether the property lost its homestead classification due to a mistake by the Property Appraiser or inaction by Dr. Silverstein. Although the property apparently could have qualified for homestead treatment for the next seventeen years, the Property Appraiser did not classify the property as homestead. Dr. Silverstein apparently never observed that his annual assessment notice and tax bill did not reflect a homestead exemption.[2] He first noticed this error and refiled for a homestead exemption for tax year 2003. In light of this evidence, the trial court had mercy on Dr. Silverstein, placed the burden of proof on the Property Appraiser to establish that the error had been caused by Dr. Silverstein, and gave Dr. Silverstein the maximum benefit that could be provided under a four-year statute of limitations, pursuant to section 197.182, Florida Statutes (2002).
We are inclined to believe that the trial court should have placed the burden to prove an entitlement to the homestead exemption on Dr. Silverstein[3] and that the benefit of the “Save our Homes” protection would first arise in tax year 2004. See Zingale v. Powell, 885 So.2d 277 (Fla.2004) (holding that a homeowner qualifies for the constitutional limit on increases in property tax assessments under the “Save Our Homes” amendment only when the homeowner is granted the homestead exemption, regardless of whether the homeowner previously met the ownership and residency requirements for a homestead exemption). However, we do not reach these issues because the trial court lacked jurisdiction.
When the trial court decided this case, it logically believed that it had jurisdiction under this court’s holding in Department of Revenue v. Pepperidge Farm, Inc., 847 So.2d 575 (Fla. 2d DCA 2003). The supreme court recently disapproved our Pepperidge Farm decision and held that section 194.171(2) “applies broadly to taxpayers’ actions challenging the assessment of taxes against their property regardless of the legal basis of the challenge.” Ward v. Brown, 29 Fla. L. Weekly S611, S611, — So.2d -, -, 2004 WL 2360129 (Fla. Oct. 21, 2004). We conclude that Ward controls in this case. Dr. Silver-stein did not file this action within the sixty-day window for any individual tax year. Accordingly, we reverse the declaratory judgment and order the trial court on remand to dismiss this action for lack of jurisdiction.
Reversed and remanded.
NORTHCUTT and CANADY, JJ., Concur.

. Apparently, Dr. Silverstein has placed his home into a trust for which he is trustee.

. Dr. Silverstein did not challenge any of these assessments under the procedures provided in section 194.011, Florida Statutes. Neither party relies upon the procedures for homestead exemptions contained in section 196.151, Florida Statutes.

. See Volusia County v. Daytona Beach Racing & Recreational Facilities Dist., 341 So.2d 498 (Fla. 1977) (holding the burden is on the claimant to show clearly any entitlement to an ad valorem tax exemption on realty); J.W. Mikos v. City of Sarasota, 636 So.2d 83 (Fla. 2d DCA 1994) (holding when municipal property claims an ad valorem tax exemption, it has the burden to prove entitlement to the exemption); Benevolent & Protective Order of Elks v. Dade County, 166 So.2d 605 (Fla. 3d DCA 1964) (finding that one seeking to establish an ad valorem tax exemption has the burden of showing entitlement to the exemption).