938 So.2d 599 (2006)
HIDDEN BAY MASTER ASSOCIATION, INC., Appellant,
v.
MIAMI-DADE COUNTY DEPARTMENT OF PROPERTY APPRAISAL, MIAMI-DADE COUNTY TAX COLLECTOR, MTAG Custodian for MONTANA ASSET MANAGEMENT, LLC, and WILLIAM V LLC, Appellees.
Case No. 3D05-1790.
District Court of Appeal of Florida, Third District.
Opinion filed September 27, 2006.
Becker & Poliakoff and Mitchell W. Mandler and Manjit S. Gill, for appellant.
Murray A. Greenberg, Miami-Dade County Attorney, and Thomas W. Logue, Assistant Miami-Dade County Attorney, for appellees.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
CORTIÑAS, Judge.
Hidden Bay Master Association ("Hidden Bay") appeals from a final order granting Appellee's, Miami-Dade County Department of Property Appraisal's ("Property Appraiser"), motions to dismiss and for summary judgment.
Hidden Bay is a condominium association created in March 2000, for the purposes of owning, maintaining, and administering Hidden Bay's common areas, and collecting assessments from the unit owners to pay the expenses necessary for maintaining the common elements. By April 2001, Hidden Bay's developer ("Developer"), pursuant to Hidden Bay's by-laws, was required to transfer control of Hidden Bay to its unit owners, because ninety percent (90%) of the units had been conveyed by the Developer. However, the Developer did not transfer legal title of the common areas to Hidden Bay until March 2003.
The Property Appraiser is responsible for determining the value, for tax purposes, of all property located within the county. On the tax dates at issue, January 1, 2001 and January 1, 2002, the Property Appraiser assessed Hidden Bay's common elements at their full value.
The Property Appraiser issued tax notices and the Tax Collector issued tax bills to the Developer for the tax assessment on the full value of the common elements. Neither the Developer nor Hidden Bay paid these taxes, and tax certificates were sold to third parties.
On March 30, 2005, Hidden Bay filed a complaint against the Property Appraiser seeking a declaratory judgment, an action for mandamus, and a temporary injunction. Hidden Bay alleged that the property should have been taxed as if it was owned either by Hidden Bay or jointly by the unit owners, as set forth in section 193.023(5), Florida Statutes (2001).[1] As such, Hidden Bay alleged that the value of the common areas should have been proportionally added to the assessments of the individual condominium units, instead of being assessed separately. Hidden Bay further alleged that the Property Appraiser taxed the subject property twice by assigning values to the common areas while also adding these same values proportionately to the assessments of the individual owners' condominium units.[2]
In response, the Property Appraiser filed its motions to dismiss and for summary judgment, on the ground that the sixty-day statute of non-claim, section 194.171(2), Florida Statutes (2001), expired.[3] On June 30, 2005, after a hearing, the trial court granted the Property Appraiser's motions, concluding that the action was time-barred based on both section 194.171(2) and Ward v. Brown, 894 So. 2d 811 (Fla. 2004).
We review de novo the trial court's order which determined, as a matter of law, that Hidden Bay's claims were time-barred. See City of Hollywood v. Petrosino, 864 So. 2d 1175, 1177 (Fla. 4th DCA 2004).
Hidden Bay contends that its claims are not governed by section 194.171 because the Property Appraiser violated section 193.023(5), Florida Statutes (2001), by appraising the common areas at their full market value. Hidden Bay argues that, since this error resulted in the overpayment of taxes, it is subject to correction at any time pursuant to section 12D-8.021, Florida Administrative Code, or alternatively, within four (4) years of the tax year for which the taxes were paid pursuant to section 197.182, Florida Statutes (2001).[4] Additionally, Hidden Bay contends that the Property Appraiser erroneously determined that Hidden Bay's Developer owned the common areas, and an erroneous listing of ownership of property can also be corrected at any time pursuant to rule 12D-8.021(1)(a)22, Florida Administrative Code and BankUnited Financial Corp. v. Markham, 763 So. 2d 1072 (Fla. 4th DCA 1999). Finally, Hidden Bay argues that the trial court improperly relied on Ward in granting the Property Appraiser's motions to dismiss and for summary judgment because Ward involved a property appraiser's exercise of judgment, which is subject to the sixty-day statute of non-claim, rather than an error of fact, which can be corrected at any time.
In response, the Property Appraiser argues that the trial court correctly found that it lacked jurisdiction under the sixty-day rule of section 194.171. Additionally, the Property Appraiser asserts that BankUnited is inapplicable as Ward effectively overruled it by holding that actions challenging the assessment of ad valorem taxes must be brought within sixty (60) days of the assessment. Alternatively, the Property Appraiser asserts that even if BankUnited was not overruled by Ward, it is distinguishable from the instant case.
BankUnited involved a dispute between tax certificate holders and the property appraiser over an alleged error in the classification of the property. BankUnited, 763 So. 2d at 1073. After appellants purchased tax certificates on property owned by the developer, but projected to become part of a condominium's common elements, the property appraiser changed his method of assessing the property. Id. The property appraiser began assessing the tax certificate holders' property as a common element appraised at a minimal amount. Id. The tax certificate holders sued to force the property appraiser to increase the assessments on the basis that the common elements were never deeded to the condominium association. Id.
On appeal, the Fourth District found that section 194.171 does not apply to bar the tax certificate holders' action because errors in classification of property are not subject to the sixty-day statute of non-claim. Id. at 1074-75. The Fourth District noted that the tax certificate holders were not challenging the value of the property for purposes of the tax assessment, but rather who must pay the taxes on the property. Id. at 1075. However, the Fourth District also noted that, if the property was still owned by the developer, the property would be taxable for its assessed value. Id.
In the instant case, the property was still owned by the Developer when the Property Appraiser assessed it. Therefore, the Property Appraiser did not commit an error in determining the ownership of the property. Thus, Hidden Bay's argument that, pursuant to section 193.023(5), the Property Appraiser erroneously appraised the common areas at their full market value is unavailing, as the Developer still owned the property at issue.
Moreover, the Florida Supreme Court's decision in Ward held that, even when the taxpayers are challenging an assessment as void due to improper classification or for any other reason, they are still bound by the jurisdictional requirements of section 194.171. Ward, 894 So. 2d at 816. In Ward, the Florida Supreme Court held that "the mandatory sixty-day provision of section 194.171(1) applies broadly to taxpayers' actions challenging the assessment of taxes against their property regardless of the legal basis of the challenge." Id. at 812. Ward involved a challenge by lessees of property owned by the county against the property appraiser for imposing ad valorem taxes on their allegedly exempt leasehold interests. Id. The Florida Supreme Court affirmed the First District, finding that the taxpayers' action was subject to the sixty-day filing period of section 194.171, irrespective of whether they were "claiming an exemption or claiming that the assessors' action [was] illegal, unlawful, or void as an improper `classification' or for some other reason." Id. at 816. In making its decision, the Florida Supreme Court traced the legislative scheme and intent for collecting taxes, and disapproved of the Second and the Fifth Districts' decisions in Revenue v. Pepperidge Farm, Inc., 847 So. 2d 575 (Fla. 2d DCA 2003) and Florida Governmental Utility Authority v. Day, 784 So. 2d 494 (Fla. 5th DCA 2001), which found that claims challenging the classification of property were not governed by section 194.171.
The Ward court, guided by legislative intent and public policy, held that section 194.171 was adopted in order to ensure timely payment of taxes to facilitate the continuing function of county governments. Ward, 894 So. 2d at 815. It relied on Lake Worth Towers, Inc. v. Gerstung, 262 So. 2d 1 (Fla. 1972), to support its reasoning that there should be a limited time period when tax processes may be judicially disturbed because tax revenues are allocated or expended upon receipt. Ward, 894 So. 2d at 815.
Following this reasoning, the Florida Supreme Court rejected the Ward appellants' argument that their claim, being a challenge to the classification of their property, is subject to a four-year statute of limitations. Id. The court warned that, if the four-year statute of limitations were broadly applied, tax assessment challenges would restrict "counties from collecting revenues during the pendency of extended taxation challenges." Id. The Florida Supreme Court held that applying a four-year statute of limitations to classification challenges while applying a sixty-day filing period to other claims, "would be contrary to the spirit and purpose of the tax assessment statutes, as well as the explicit provisions of section 194.171." Id.
Here, we are presented with a classification challenge because Hidden Bay argues that the Property Appraiser erroneously assessed the property at its full market value in the Developer's name, rather than as a common element, which should have been assessed proportionately to each unit. Since the property at issue was still owned by Hidden Bay's Developer in 2001 and 2002, we cannot find that the property appraiser misjudged the value or classification of the property. Therefore, we will not permit Hidden Bay to use section 197.182 and the Florida Administrative Code "to circumvent [their] failure to properly and timely challenge the tax assessment of their properties as required by section 194.171(2)." Ward, 894 So. 2d at 816.
Affirmed.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DISPOSED OF.
NOTES
[1] Section 193.023(5), Florida Statutes, states, in relevant part:

In assessing any parcel of a condominium or any parcel of any other residential development having common elements appurtenant to the parcels, if such common elements are owned by the condominium association or owned jointly by the owners of the parcel, the assessment shall apply to the parcel and its fractional or proportionate share of the appurtenant common elements.
§ 193.023(5), Fla. Stat. (2001).
[2] In reviewing this allegation on appeal from the summary judgment, we note that there is nothing in the record to support appellants' claim that the Property Appraiser taxed the common areas twice.
[3] Section 194.171, Florida Statutes, states, in relevant part:

(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2). . . .
. . .
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both sections (2) and (3) have been met.
§ 194.171, Fla. Stat. (2001).
[4] Section 197.182(1)(c), Florida Statutes, states, in relevant part, "[c]laims for refunds shall be made in accordance with the rules of the department. No refund shall be granted unless claim is made therefore within 4 years of January 1 of the tax year for which the taxes were paid."