COPE, J.
 

 The main question we address is whether a part of the condominium’s common area — the swimming pool — could be sold by tax deed after the condominium associ
 
 *629
 
 ation failed to pay the tax bill. We conclude that the answer is no.
 

 The Village of Doral Place is a 381-unit condominium located in Miami-Dade County, Florida. On January 1, 1998—the date for assessment of the 1998 taxes—the developer was in control of the condominium association and was the record owner of Tract F, a portion of the condominium property on which the condominium swimming pool was located.
 

 In June, 1998, the developer turned over control to the Village of Doral Place Condominium Association, Inc. (“the Association”). By quitclaim deed, the developer conveyed title to Tract F to the Association. The public property record was changed to reflect that the Association was the new owner of Tract F.
 

 The Miami-Dade County Property Appraiser placed a value of $83,464 on Tract F and a tax bill for $2,593.85 was sent to the Continental Group, the property manager for the Association. The property manager failed to pay the taxes and, according to the Association, failed to inform the Association about the tax bill. In due course, a tax certificate was sold to a local bank, which in turn conveyed it to appel-lees RU4 Real and For Sale by Owner (“FSBO”) (collectively, “the Buyers”).
 

 After two years, the Buyers applied for a tax deed.
 
 See
 
 § 197.502(1), Fla. Stat. (2003). Notice of the application was addressed to the Association and mailed to the property management company. The Buyers purchased Tract F for $57,000 at the public sale. They came to the property and installed fences which barred access to the swimming pool.
 

 The Association filed suit in circuit court seeking an injunction to restore access to the swimming pool. The Association requested that the tax deed be set aside and requested a declaratory judgment.
 

 The trial court issued a temporary injunction allowing swimming pool access to the unit owners, and requiring the Association to maintain the pool. The court declined to set aside the tax deed, accepting the argument of the Property Appraiser and Tax Collector (collectively “the County”) that this relief was barred by the tax non-claim statute.
 
 See
 
 § 194.171(2), Fla. Stat. (2003). The court granted declaratory relief, holding that when the Buyers bought Tract F at the public sale, the Buyers took the property subject to the already existing condominium declaration, and that the Association and unit owners are entitled to exclusive use and enjoyment of the swimming pool. The Association has appealed and the Buyers have cross appealed.
 

 The tax deed sale was illegal because it violated section 718.107, Florida Statutes (2003). That statute forbids the separate sale of the common elements of a condominium. The statute provides:
 

 718.107. Restraint upon separation and partition of common elements
 

 (1) The undivided share in the common elements which is appurtenant to a unit shall not be separated from it and shall pass with the title to the unit, whether or not separately described.
 

 (2) The share in the common elements appurtenant to a unit cannot be conveyed or encumbered except together with the unit.
 

 (3) The shares in the common elements appurtenant to units are undivided, and no action for partition of the common elements shall lie.
 

 At oral argument, the County maintained that this statute is inapplicable. The County argued that there is a distinction between a “common element” of a condominium and a “common area.” The County maintained that a “common ele
 
 *630
 
 ment” must be something which is integral to the condominium building. According to the County, the swimming pool was part of a “common area,” not a “common element,” and sale of a common area is not prohibited under the statute.
 

 As a preliminary matter, this argument was not raised in the County’s brief or the brief of any other party. The County apparently contends that the trial court’s ruling should be upheld on a right-for-wrong reason basis.
 
 See Dade County Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644-45 (Fla.1999).
 

 Assuming for purposes of discussion that this argument is properly before us, the County’s argument is without merit. Chapter 718 provides the applicable definitions.
 

 “Condominium property” is defined as “the lands, leaseholds, and personal property that are subjected to condominium ownership, whether or not contiguous, and all improvements thereon and all easements and rights appurtenant thereto intended for use in connection with the condominium.” § 718.103(13), Fla. Stat. (2003).
 

 A “Unit” is defined as “a part of the condominium property which is subject to exclusive ownership.”
 
 Id.
 
 § 718.103(27).
 

 “Common elements” are defined as “the portions of the condominium property not included in the units.”
 
 Id.
 
 § 718.103(8).
 

 Tract F is part of the condominium property which is not subject to exclusive ownership. For purposes of chapter 718, then, Tract F is a common element. Under the plain language of section 718.107, a separate sale of a condominium’s common elements is prohibited.
 

 It is true that the condominium declaration defines the areas outside the condominium units as “common areas.” The declaration does not use the term “common elements.” This difference in terminology makes no difference in substance. For purposes of chapter 718, Tract F satisfies the statutory definition. It is a common element which cannot be separately sold.
 

 The County argues, and the trial court agreed, that the Association’s action is barred by subsection 194.171(2), Florida Statutes (2003), which provides that “[n]o action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s.193.122(2).... ” The statute is inapplicable here. The Association’s claim is that Tract F is a common element which is prohibited from being sold separately by section 718.107, Florida Statutes. That is not a challenge to the assessment. The claim is not barred by subsection 194.171(2).
 

 The County relies on this court’s decision in
 
 Hidden Bay Master Association, Inc. v. Miami-Dade County Department of Property Appraisal,
 
 938 So.2d 599 (Fla. 3d DCA 2006), but that case is not on point. In
 
 Hidden Bay,
 
 the association alleged that the property appraiser erroneously assessed the common areas separately, instead of proportionally adding the assessment to the individual condominium units. Title to the common areas remained in the developer in 2001 and 2002, the years at issue. The Association maintained that the alleged error in the assessment or classification of the property had resulted in an overpayment of taxes. This court agreed with the trial court that the challenge was, in substance, a challenge to the assessment of the property which was time-barred under the sixty-day limit established by subsection 194.171(2), Florida Statutes. The
 
 Hidden Bay
 
 opinion did not involve any discussion of tax deeds, nor any discussion whether the common ele
 
 *631
 
 ments of a condominium property could be separately sold.
 

 The Buyers argue that they are entitled to prevail under subsection 65.081, Florida Statutes (2003). That statute authorizes the grantee under a tax deed to maintain a quiet title action.
 
 Id.
 
 § 65.081(1). The statute provides in part, “No defense to the action [to quiet title] or attack upon the tax deed shall be made except the defense that the taxes assessed against the property had been paid by the former owner before issuance of the tax deed.”
 
 Id.
 
 § 65.081(3). Since the taxes had not been paid before the issuance of the tax deed, the buyers contend that the Association’s challenge to the tax deed must fail. We disagree.
 

 Our responsibility is to read the Florida Statutes
 
 in pari materia
 
 and to harmonize the statutes with each other wherever possible. “[R]elated statutory provisions must be read together to achieve a consistent whole, and ... ‘[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.’ ”
 
 Heart of Adoptions, Inc. v. J.A.,
 
 963 So.2d 189, 199 (Fla.2007);
 
 see also Forsythe v. Longboat Key Beach Erosion Control Dist.,
 
 604 So.2d 452, 455 (Fla.1992). Indeed, the principle of construing statutes
 
 in pari materia
 
 with each other was applied by the Florida Supreme Court to an earlier version of section 65.081.
 
 Palmquist v. Johnson,
 
 41 So.2d 313, 316-17 (Fla.1949).
 

 The legislature has specifically provided that there shall pass with each condominium unit “[a]n undivided share in the common elements .... ” § 718.106(2)(a), Fla. Stat. (2003). The legislature has specifically prohibited the separate sale of such common elements.
 
 Id.
 
 § 718.107(2). “The share in the common elements pertinent to a unit cannot be conveyed or encumbered except together with the unit.”
 
 Id.
 
 § 718.107(2). These concepts are basic to the ownership interests in a condominium. Reading section 718.107 and 65.081 together, we find no indication that subsection 65.081(3) overcomes the ban on separate sale of common elements contained in subsection 718.107.
 

 Further, another applicable maxim of statutory construction is that statutes will not be construed so as to reach an absurd result.
 
 See City of St. Petersburg v. Siebold,
 
 48 So.2d 291, 294 (Fla.1950). Here, the Buyers entered and fenced off a portion of the condominium property from the unit owners, which not only interfered with the unit owners’ use and enjoyment, but created troublesome issues regarding who had responsibility to maintain the premises, who had responsibility for safety issues relating to the pool, and who had responsibility to maintain liability insurance. It is simply beyond belief that the legislature intended such a result. We conclude that section 718.107 retains its field of operation and prohibits separate sale of the common elements of a condominium, including separate sale for a tax deed.
 

 On this issue, we reverse the trial court’s order and remand with directions to set aside the 2003 tax deed. As acknowledged by the Association, the Association must repay the Buyers the purchase price with interest. Although the parties have not addressed the issue, apparently section 197.602, Florida Statutes (2003), is applicable. We affirm on the cross-appeal.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.