CORTINAS, J;
 

 South Pointe Family & Children Center, Inc. (“South Pointe”) appeals the trial court’s final order of dismissal for lack of jurisdiction in favor of Miami-Dade County, Florida, Miami-Dade County Property Appraiser, Miami-Dade County Tax Collector, and the Florida Department of Revenue (collectively “Miami-Dade”). South Pointe, a non-profit corporation, filed a complaint against Miami-Dade contesting the 2004, 2005, and 2006 ad valorem tax assessments on real property located at 1780 S. Glades Dr., North Miami Beach, Florida 33162 (the “Property”). Additionally, South Pointe also owned an adjacent property, located at 1760 S. Glades Dr., North Miami Beach, Florida 33162 (the “Adjacent Property”).
 

 South Pointe claimed that because it is a non-profit corporation, it was exempt from ad valorem- taxes on both the Property as well as the Adjacent Property. South Pointe alleged that any change to its ad valorem tax status was erroneous, and thus, Miami-Dade improperly sold tax certificates that resulted in a faulty tax deed application. Also, South Pointe claimed it was exempt from the jurisdictional requirements of section 194.171, Florida Statutes (2007), the Non-Claim Statute,
 
 *258
 
 for failure to timely contest the tax assessments because it did not receive actual notice of the change from non-taxable to taxable property.
 

 In response, Miami-Dade filed a motion to dismiss based on South Pointe’s failure to comply with the sixty-day jurisdictional requirement of the Non-Claim Statute, and for delinquent 2007 and 2008 ad valo-rem property taxes. The trial court entered a final order of dismissal for lack of jurisdiction because of the failure to comply with the Non-Claim Statute. The trial court concluded that the 2006 certified tax roll was set for collection on October 17, 2006, and therefore, the sixty-day deadline to contest the 2006 assessment expired December 18, 2006. Accordingly, the time to contest the 2004, 2005, and 2006 tax assessments had expired' given that the complaint was filed on April 26, 2007. We agree and affirm.
 

 Section 194.171(2), Florida Statutes (2007), states
 

 (2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.
 

 § 194.171(2), Fla. Stat. (2007). It is well established that when taxpayers are challenging an ad valorem tax assessment as void due to an improper classification, or for any other reason, they are still bound by the jurisdictional requirements of the Non-Claim Statute.
 
 Ward v. Brown,
 
 894 So.2d 811 (Fla.2004). In Ward; the Florida Supreme Court addressed a taxpayers’ challenge, which alleged that owned property was not subject to ad valorem taxation.
 
 Id.
 
 at 812. The taxpayers argued that the sixty-day jurisdictional period of the Non-Claim Statute was inapplicable because they were not challenging an assessment of ad valorem taxes but, rather, the classification of the property.
 
 Id.
 
 at 813. In rejecting this claim, the Florida Supreme Court held “whether [taxpayers] are claiming an exemption or claiming that the assessors’ action is illegal, unlawful, or void as an improper ‘classification’ or for some other reason, they are still bound by the provisions of [the Non-Claim statute].”
 
 Id.
 
 at 816.
 

 In
 
 Hidden Bay Master Ass’n v. Miami-Dade County Department of Property Appraisal,
 
 we reiterated the principle that “ ‘the mandatory sixty-day provision ... applies broadly to taxpayers’ actions challenging the assessment of taxes against their property regardless of the legal basis of the challenge.’ ”
 
 Hidden Bay Master Ass’n v. Miami-Dade Cnty. Dep't of Prop. Appraisal,
 
 938 So.2d 599, 602 (Fla. 3d DCA 2006) (quoting
 
 Ward v. Brown,
 
 894 So.2d at 812). In
 
 Hidden Bay,
 
 this Court upheld the trial court’s dismissal of a taxpayers’ challenge that alleged an erroneous ad valorem tax assessment because the classification challenge was time-barred. In affirming, we noted that a classification challenge could not be used “ ‘to circumvent [the] failure to properly and timely challenge the tax assessment of their properties as required by [the Non-Claim Statute].’ ”
 
 Id.
 
 at 603 (quoting
 
 Ward v. Brown,
 
 894 So.2d at 816).
 

 Furthermore, South Pointe has failed to pay ad valorem taxes that became due in subsequent years in direct violation of section 194.171(5) and 194.171(6), Florida Statutes. These sections provide:
 

 (5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all tax
 
 *259
 
 es on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
 

 (6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).
 

 §§ 194.171(5), 194.171(6), Fla. Stat. (2007). The plain text of the statute makes clear that the trial court did not retain jurisdiction once South Pointe’s 2007 and 2008 taxes became delinquent. In addition, as the trial court correctly articulated, South Pointe’s claim is time barred under the jurisdictional requirements of the Non-Claim Statute. Accordingly, the trial court’s final order of dismissal for lack of jurisdiction is affirmed.
 
 Hidden Bay Master Ass’n,
 
 938 So.2d at 599.
 

 Affirmed.