KLINGENSMITH, J.
Appellant, Sharon S. Miles, challenged a recapture tax lien imposed by the Broward County Property Appraiser (the “Property Appraiser”) for retroactively-imposed taxes and penalties for the 2005 to 2010 tax years, as well as the removal of her homestead exemption for the 2011 tax year. The trial court dismissed her complaint for lack of jurisdiction, ruling that it had been filed beyond the sixty-day statute of non-claim under section 194.171, Florida Statutes. We find this was error and reverse.
Prior to 1995, Miles applied for and received a homestead exemption on her Bro-ward County property (the “Broward Property”), which she continued to receive through the 2011 tax year. The Property Appraiser later discovered that Miles and her late husband were simultaneously receiving the benefit of homestead exemptions on a property in Highlands County and the Broward Property while they were married, from 1986 until his passing in 2010. As a result, the Property Appraiser sent a notice to Miles informing her that her homestead exemption on the Broward Property was being removed because an individual or family unit can only have one homestead exemption according to article VII, section 6(b) of the Florida Constitution.[1]
On February 20, 2012, the Property Appraiser sent Miles a notice of intent to file its lien, and explained that the Broward Property’s homestead exemption was retroactively revoked for the tax years 2005 through 2010. The notice also informed Miles that a tax hen would be filed with the Broward County Records Division if she failed to pay those taxes, associated penalties, interest, and costs within thirty days from the date of the notice. After the thirty days expired, the Property Appraiser recorded a “Notice of Tax Lien for Homestead Exemption and/ or Limitation Exclusion” in the public records.
On July 30, 2012, Miles filed her complaint challenging the Property Appraiser’s retroactive revocation of the homestead tax exemption and the assessment for back taxes. More than two years later, the trial court dismissed the second and third counts of her complaint because they were filed more than 160 days after the Property Appraiser sent the notice on February 20 — well beyond the sixty-day statute of nonclaim under section 194.171. This appeal followed.
Miles claims on appeal that the Property Appraiser did not submit any evidence proving the date on which the taxes and penalties were “certified for collection under s. 193.122(2),” § 194.171(2), Fla. Stat. (2012), and thus did not show that she failed to timely file her complaint. The Property Appraiser counters that the February 20 notice was tantamount to such a certification, and because the sixty-day nonclaim period began to run from that date, Miles’s complaint was untimely.
This court reviews questions of statutory interpretation de novo. Adelman v. Elfenbein, 174 So.3d 516, 518 (Fla. 4th DCA 2015).
*1048 “As with the interpretation of any statute, the starting point of analysis is the actual language of the statute.” Conservation All. of St. Lucie Cty., Inc. v. Fla. Dep’t of Envtl. Prot., 144 So.3d 622, 624 (Fla. 4th DCA 2014) (quoting Brown v. City of Vero Beach, 64 So.3d 172, 174 (Fla. 4th DCA 2011)). “If the language is clear and unambiguous, there is no need to resort to the rules of statutory construction; ‘the statute must be given its plain and obvious meaning,’ ” Id. (quoting Samples v. Fla. Birth-Related Neurological, 40 So.3d 18, 21 (Fla. 6th DCA 2010)).
Because “[t]he words of a governing text are of paramount concern,” Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 56 (2012), this court will not look beyond the express language unless it is clear that the plain meaning was not intended. After reviewing the plain text and meaning of the applicable statutes, we disagree with the Property Appraiser’s interpretation of the legal effect of the February 20 notice.
Section 194.171(2) provides, in pertinent part, that “[n]o action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2).” § 194.171(2) (emphasis added). The version of section 193.122(2) applicable to this case stated:
After the first certification of the tax rolls by the value adjustment board, the property appraiser shall make all required extensions on the rolls to show the tax attributable to all taxable property. Upon completion of these extensions, and upon satisfying himself or herself that all property is properly taxed, the propetiy appraiser shall certify the tax rolls and shall within 1 week thereafter publish notice of the date and fact of extension and certification in a periodical meeting the requirements of s. 50.011 and publicly display a notice of the date of certification in the office of the property appraiser. The property appraiser shall also supply notice of the date of the certification to any taxpayer who requests one in writing. These certificates and notices shall be made in the form required by the department and shall be attached to each roll as required by the department by regulation.
§ 193.122(2), Fla. Stat. (2012) (emphasis added).
Section 194.171(2) specifically establishes an unambiguous trigger for the running of the sixty-day nonclaim period: the certification of the assessment pursuant to section 193.122(2). § 194.171(2). Under section 193.122(2), a property appraiser must, after first completing any necessary extensions, certify the tax rolls “upon satisfying himself or herself that all property is properly taxed.” § 193.122(2). Then, within one week of that certification, a property appraiser must “publish notice of the date and fact of extension and certification in a periodical meeting the requirements of s. 50.011,” along with publicly displaying “a notice of the date of certification in the office of the property appraiser.” Id. Here, even if we were to find that the tax lien was subject to section 194.172(2), the sixty-day nonclaim period was not triggered because the Property Appraiser admitted that the requirements of section 193.122(2) were not fulfilled sixty days before Miles filed her lawsuit.
If we were to agree with the Property Appraiser’s argument in this case, we would have to find that the instructions set forth in these two statutes are mere suggestions, and that those prescribed statutory mandates are either meaningless, permissive, or create an alternative method of certification, nonexclusive to other methods not contained within the scope of the statutory text. Because the plain wording *1049 of these statutes indicates that these procedures must be followed in order to achieve proper certification of the, tax rolls, we disagree with the Property Appraiser’s position.
Moreover, in an analogous case, the First District recently held that a tax lien filed for a retroactive removal of a religious exemption on a school’s property was not subject to nonclaim under section 194.171(2). Genesis Ministries, Inc. v. Brown, 186 So.3d 1074, 1077-79 (Fla. 1st DCA 2016). There, the court stated:
Section 194.171(2), by its clear and unambiguous terms, applies only to actions contesting “a tax assessment” and it requires such actions to be filed within 60 days after the assessment is “certified for collection under s. 193.122(2);” A tax lien is not a tax assessment, and it is not certified for collection under section 193.122(2).
Id. at 1077 (emphasis added).
The Property Appraiser relies on Ward v. Brown, 894 So.2d 811 (Fla.2004), for the proposition that the nonclaim statute bars Miles’ challenge. However, we agree with our sister court that although Ward held that the sixty-day period in section 194.171(2) applied “broadly to taxpayers’ actions challenging the assessment of taxes against their property regardless of the legal basis of the challenge,” 894 So.2d at 812, there is “no support in Ward for the proposition that section 194.171(2) should be construed to apply to actions challenging tax liens.” Genesis Ministries, 186 So.3d at 1078. On that point, we find the following passage from Genesis Ministries particularly instructive as to why section 194.171(2) applies to tax assessments, but not to tax liens:
Furthermore, basic notions of due process — i.e., notice and an opportunity to be heard — weigh against interpreting section 194.171(2) to apply to actions challenging tax liens. There is no requirement that the property appraiser give the property owner actual notice of the tax lien, and unlike valuation, classification, and exemption determinations which can be appealed to the value adjustment board before the tax rolls are certified and the 60-day period in section 194.171(2) is triggered, there is no procedure for the property owner to obtain administrative review of the property appraiser’s determination under section 196.011(9)(a) before the tax lien is recorded in the public records. Accordingly, if section 194.171(2)-was construed to apply to tax liens, the only opportunity a property owner would have to challenge the property appraiser’s “back-assessment” of taxes under section 196.011(9)(a) would be by filing suit within,60 days after the tax lien is recorded in the public records. We find .it highly unlikely that the Legislature intended such a draconian result, which would effectively require property owners to routinely (at least every 60 days) check the public records to determine whether a tax lien has been recorded against their property.
Id. at 1079.
Therefore, we reverse the trial court’s dismissal of the second and third counts of Miles’ complaint, and remand this case for further proceedings consistent with' this opinion.

Reversed and Remanded.

CIKLIN, C.J., and WARNER, J., concur.

. The Florida Constitution states, in pertinent part, "[n]ot more than one exemption shall be allowed any individual or family unit or with respect to any residential unit.'' Art. VII, § 6(b), Fla. Const.