# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2023-0750

———————————————

JAMES LEE SHREWSBURY,

    Appellant,

    v.

PAM CHILDERS, as Escambia
County Clerk of Court and
Comptroller, and SCOTT
LUNSFORD, as Escambia County
Tax Collector,

    Appellees.

———————————————

On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

January 24, 2024

PER CURIAM.

In 2018, 2019, and 2020, Appellant failed to pay ad valorem taxes assessed on his two Santa Rosa Island lots. The Tax Collector issued tax certificates on the two lots. The Clerk of Court sold one lot at a tax deed sale, and gave notice that the second lot would be sold—all with due notice to Appellant. Appellant later filed a declaratory-judgment complaint, followed by an amended complaint, alleging that each defendant lacked authority to take the challenged actions on his lots. He asserted that because he held

the two lots under 99-year leases, they were not truly "realty" subject to the ad valorem taxes.

The Tax Collector and Clerk asserted that the trial court lacked subject-matter jurisdiction over Appellant's amended complaint because he had failed to challenge the tax assessments within the 60-day limit of section 194.171(2), Florida Statutes. That section provides that "[n]o action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection."

Appellant admitted that he had not complied with the time limit in section 194.171(2), but argued below and continues to argue here that he was not contesting a "tax assessment," but rather was "challenging the legality of the issuance and sale of tax certificates" and the resulting tax deed sales and conveyance of property. The trial court properly rejected Appellant's circular attempt to describe his challenge as not involving the legal issue that is very clearly at the heart of his case. *See Ward v. Brown*, 894 So. 2d 811, 812, 814, 816 (Fla. 2004) (holding that "regardless of the legal basis of the challenge" or "nature of the taxpayers' claim," the 60-day time limit applies). His failure to bring timely challenges was, and remains, fatal to these claims. We decline to address Appellant's other arguments, which we also find to lack merit.

AFFIRMED.

KELSEY, M.K. THOMAS, and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Christine A. Kelly of Lynchard & Seely, PLLC, Milton, for Appellant.

2

Codey L. Leigh, Pensacola, for Appellee Pam Childers, as Escambia County Clerk of Court and Comptroller; and Thomas M. Findley of Carlton Fields, Tallahassee, for Appellee Scott Lunsford, as Escambia County Tax Collector.